Mr. Justice Cliffokd
delivered the opinion of the court:
Jurisdiction was vested in the Court of Claims by the Act Fehrua/ry 24,1855, (10 Stat. L., 612,) to hear and determine all claims against the United States founded upon any law of Congress or upon any regulation of an Executive Department, or upon any contract, express or implied, with the Government *142 of the United States, and also of all claims which may be referred to said court by either House of Congress.
Well-founded doubts were entertained whether that act conferred the power upon that court to allow the United States to file set-offs in such cases and to hear and determine such matters as usually practiced in common-law actions between private parties. Congress accordingly, in order to remove those doubts, enacted that the said court shall also have jurisdiction of all set-offs, counter-claims, or claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government against any person making claim against the United States in the said court. Since the passage of that act all doubt upon the subject is removed; and the further provision is that upon the trial of any such cause the court shall hear and determine such claim or demand both for and against the Government and the claimant. (Amended Court of Claims Act, 12 Stat. L., 765.)
Provision is also made by the Act March 12, 1863, that any person claiming to have been the owner of any abandoned or captured property described in that act may, at any time within two years after the suppression of the rebellion, prefer his claim to the proceeds thereof in the Court of Claims, and, on proof to the satisfaction of said court of his ownership of the property, of his right to the proceeds, thereof, and that he has never given any aid or comfort to the late1 rebellion, to receive the residue of such proceeds, after the deduction of any purchase-money which may have been paid, together with the expenses of transportation and any other lawful expenses attending the disposition thereof. (12 ib., 820.)
Pursuant to that act, the claimants instituted a suit in the Court of Claims against the United States to recover the net proceeds of four hundred and fourteen bales of cotton, and it appears'by therecordthat the claimants, on the 1st of April, 1872, by the consideration of that court, recovered judgment against the defendants for the sum of $72,450 as the net proceeds of the cotton described in the petition; that the petitioners, after the expiration of ninety days from the day of the rendition of the judgment, procured from the clerk’s office of the court a duly-certiñed copy of the judgment, and that they presented the same to the Secretary of the Treasury and requested payment of the amount in due form of law.
*143 Instead of paying the judgment, the Secretary made an in-dorsement upon the transcript, to the effect that the net proceeds of the cotton, after the deduction of 2 cents per pound for internal revenue, amount to the sum of $08,268.60, and he referred the claim to the First Auditor, with directions to report the same to the First Comptroller as payable out of the proceeds of captured and abandoned property reserved and set apart for that purpose.
By the findings of the court it also appears that the defendants claimed to deduct $4,181.40 as the internal-revenue tax of 2 cents per pound on the cotton for the net proceeds of which the judgment in the cause was rendered, and that the Secretary of the Treasury refused to pay any part of the judgment unless the attorney of the claimants would consent that the deduction claimed should be made, and that the attorney accordingly signed the writing set forth in the transcript, subject to the condition that the rights of all the parties in respect to the tax shall be reserved and remain subject to the decision of the Supreme Court without prejudice.
Payment of the residue was duly made to the claimants, but the Secretary of the Treasury reserved and detained the amount claimed as the internal-revenue tax on the cotton; whereupon the claimants instituted the present suit, and the Court of Claims rendered judgment in their favor for the whole amount so reserved and detained, and from that judgment the United States appealed.
Judgment was recovered by the claimants for the whole amount of the net proceeds of the cotton in the original suit, and it is not even suggested that the United States filed any set-off or counter claim in that case, nor would it now make any difference if the claim of set-off or counter claim had been filed in that case; for if filed and rejected, the appropriate remedy of the Uiiited States was by appeal to the Supreme Court. Appeal to this court in such a case undoubtedly would lie; nor was that the only remedy left to the United States, as the Court of Claims, on motion, might grant a new trial in such a case, if it appeared that any fraud, wrong, or injustice had been done to the United States. (13 Stat. L., 75.)
But the United States did not appeal from the judgment of the Court of Claims, nor does it appear that any application in their behalf was made to that court for a new trial, as expressly *144 authorized by an act of Congress. On the contrary, it appears that'the United States acquiesced in the judgment, and claimed to deduct from it the amount now in. controversy as due to the Government for the internal-revenue tax. Such a power is not vested in the Secretary of the Treasury nor in any other executive officer of the Government, even if it could be; and it is clear that the judgments of this court, rendered on appeal from the Court of Claims, if no such power is conferred by an act of Congress, áre beyond all doubt the final determination of the matter in controversy; and it is equally certain that the judgments of the Court of Claims, where no appeal is taken to this court, are, under existing laws, absolutely conclusive of the rights of the parties, unless a new trial is granted by that court, as provided in the before-mentioned act of Congress. (Ex parte Russell, 13 Wall., 673.)
By the Act Mwrch 3,1863, it was provided that no money shall be paid out of the Treasury for any claim passed upon by the Court of Claims till after an appropriation therefor shall he estimated for by the Secretary of the Treasury, which provision was of course as applicable to the judgments on appeal rendered by this court as to the original judgments rendered by the Court of Claims, as the subject-matter of the suit in either case is one “ passed upon by the Court of Claims.” (12 Stat. L., 768.)
Either party, by virtue of that act, was allowed to appeal to the Supreme Court, but the Supreme Court declined to take jurisdiction of such appeals, chiefly for the reason that the act practically subjected the judgments of the Supreme Court rendered in such cases to the re-examination and revision of the Secretary of the Treasury. (Gordon v. United States, 2 Wall., 561.)
Subsequently Congress repealed the provision conferring that authority upon the Secretary of the Treasury, and since that time no doubt has been entertained that it is proper that the Supreme Court should exercise jurisdiction of appeals in such cases. (14 Stat. L., 9.)
Judicial jurisdiction implies the power to hear and determine a cause j and inasmuch as the Constitution does not contemplate that there shall be more than one Supreme Court, it is quite clear that Congress cannot subject the judgments of the Supreme Court to the re-examination and revision of any other tribunal or any other Department of the Government.
*145 Opposed to that is the suggestion that the internal-revenue tax is a lien upon the property taxed, and that the lien, when the property is sold, is transferred to the proceeds of the sale, as in the case of a maritime lien, when the res is sold and the proceeds of the sale have been paid into the registry of the court. Whether that is so or not is not a-question in this case; but suppose the question is presented, it is a sufficient answer to the suggestion that' the United States, if they desire to enforce such a right, must seek some other remedy than the one pursued in the case before the court, as it is clear that, when such a claim as that preferred by the claimants in the original petition passes into judgment in a court of competent jurisdiction, it ceases to be open, under any existing act of Congress, to revision by any one of the Executive Departments or of all such Departments combined. Demedies such as have been suggested, if seasonable, may be pursued in a proper case ; but it will be' time enough to decide the question, whether any remedy now remains when the question is properly presented.
Should it be suggested that the judgment in question was rendered in the Court of Claims, the answer to the suggestion is that the judgment of the Court of Claims from which no appeal is taken is .just as conclusive under existing laws as the judgment of the Supreme Court, until it is set aside on a motion for new trial.
Judgment affirmed.