UichardsoN, J.,
delivered the opinion of the court:
These two cases were heard and submitted together. Each is founded on a previous judgment rendered by this court, which has been paid in part, and the balance of which the Secretary of the Treasury declines to pay for the reasons set forth in the findings, to Avhicli we shall refer hereafter in this opinion. It has been determined by this court and by the Supreme Court that actions on such judgments may be maintained. (Brown's Case, 6 C. Cls. R., 171; O’Grady’s Case, 8 id., 451, affirmed on appeal, 22 Wall., 641, and 10 C. Cls. R., 134.)
The questions of law now raised involve, in the first place, the right of the officers of the Treasury Department to set off: against a judgment of this court a debt or claim in favor of the United States against the judgment creditor.. From an early day the accounting officers have been accustomed, in the course of settling ordinary accounts in the Treasury Department, to set off one debt against another when a claimant is both debtor and creditor, and that practice has been sustained by judicial determination as legal and proper, without any express statute on the subj ect. (Gratiot v. United States, 15 Pet., 370; McKnight's Case, 13 C. Cls. R., 306, affirmed on appeal, 98 U. S., 179, and 14 C. Cls. R., .),
On the 3d of March, 1875, by act of that date, ch. 149 (18 Stat. L., 4S1), Congress made special provisions requiring the Secretary of the Treasury to withhold payment of so much of any judgment or other claim allowed by legal authority against the United States as the claimant or judgment creditor shall be indebted to the government in any .manner, whether as principal or surety. The act points out specifically the course of proceedings in such cases, requiring the duty of making the set-off to be performed by the Secretary of the Treasury, instead of by the Comptrollers *490 or accounting officers, wbo state accounts and certify balances which, the Secretary even cannot change (Rev. Stat., § 191), and who are the officers by whom set-offs are made in other cases.
The Secretary must inform the judgment creditor of the amount of debt claimed against him, that he may make his election whether he consents to the set-off, accepts the balance, and will discharge his judgment, or denies the indebtedness and refuses to consent thereto. In the former case, it becomes a voluntary settlement upon the execution of the proper discharges contemplated by the act, and whether or not the claim set up by the Secretary is a legal and valid debt which could be enforced at. law becomes immaterial, since the debtor has waived his right to have it tested by proceedings in court, and he is estopped from setting up any further claim on his judgment. In the latter case, if the judgment creditor denies the indebtedness, and refuses to consent to the set-off, he may have the matter of his liability tried in a suit at common law. The Secretary is required to withhold, not only the amount of the debt claimed, but also such further amount as in his opinion will be sufficient to cover all legal charges and costs in prosecuting the debt to final judgment, to pay the balance to the creditor, and to cause legal proceedings to be immediately commenced to enforce the claim set up against him and to be prosecuted to final judgment with all reasonable dispatch. If, in such action, judgment is recovered against the United States, the claimant becomes entitled to the balance of his original judgment withheld from him and six per cent, interest thereon.
Thus ample provisions are made to test in a court of law the validity of any demand claimed under this act to be a set-off to a judgment recovered against the United States, and the claimant has his option to avail himself thereof or to make a settlement and discharge his judgment. But he cannot enter into a settlement, mislead the Secretary into paying more than he otherwise would pay, execute a discharge, and then come into court to set aside the settlement and recover the balance. It needs no citation of authority to show that such a course is not warranted by any principle of law or justice.
In Bonnafon’s Case the claimant elected to take the balance found due him by the Secretary of the Treasury over and above the set-off claimed, and executed a discharge of his judgment,- and he must now be held to his settlement.
*491 It was argued at tlie'trial that tbe claim, set-off in this case should have been presented as a defense to the former action in This court. It was for a duty or tax due from the claimant on account of cotton owned by him and brought from districts in insurrection into a loyal port or place in 1865, during the rebellion. It was claimed as an independent debt against him, and could not have been enforced in the former action as a reduction in the amount of the claim sued on; but, in order to have been availed of, it must have been hied as a set-off or counter claim under the provisions of Revised Statutes, §§ 1059, 1061. (Roman & Olivier’s Case, 11 C. Cls. id., 762; lie Bow’s Case, id., 672, affirmed on appeal, 13 id., 526.) If it had been so hied, the decision of this court thereon in that action would have been final and conclusive, if not appealed from or when affirmed by the Supreme Court. Parties can have their day in court but once, and judgments of courts are conclusive between them on ail matters determined thereby.
' It was because this duty or tax was an independent claim against the judgment creditor, and had not been adjudicated upon by a court of law, that the Secretary was authorized to set it off againsttlie judgment. The actof 1875, chapter 149, doesnot confer upon the Secretary of the Treasury the power to review thedecrees and judgments of established courts of justice. Such a power would be in conflict with the fundamental principles of the whole judiciary .system. It would confer upon the Secretary of the Treasury, an executive officer of the government, judicial power, contrary to article 3, section 1, of the Constitution, which provides that “the judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as Congress may from time to time ordain and establish.” (O’Grady’s Case, 22 Wall., 641, and 10 C. Cls. R., 134.)
The Secretary in this case acted within his legal and constitutional authority, and did not undertake to review the judgment of the Court of Claims, but he set off against it an independent debt due from the judgment creditor; and his action must be sustained, and the petition of the claimant, Bonnafon, must be dismissed.
The case of Norton, assignee, presents some different questions. Tlie 'Secretary had a claim in' set-off for a duty or tax on cotton, owned and brought from insurrectionary districts dor- *492 ing die rebellion by the parties of whose estate in bankruptcy the claimant is assignee, amounting to 1,000, but did not proceed under the act of 1875, chapter 149, as he did in Bonnafon’s Case. Instead of that, he reported to Congress the amount of the judgment and the amount of set-off claimed by him. Congress appropriated for the balance, and that was paid, but no discharge was executed by the claimant. The defendants now file the same claim here as a set-off or counter claim; and this they may do under the provisions of the statute (Rev. Stat., §§ 1059, 1061.) It is no valid objection to such a course that the debt was not set up in defense to the former action on which this judgment is founded, since the validity of the claim was in no way involved in that case. In O’Grady’s Case (22 Wall., 641, and 10 C. Cls. R., 134), upon a judgment of this court there was no set-off or counterclaim filed. The defense was that the amount which the claimant recovered in the former action was too large by the amount of the tax or duty on the same cotton the proceeds of which were sued for, and which might have been deducted therefrom if it had been set up by the defendants before judgment was rendered against them. The Secretary of the Treasury undertook to make the deduction after judgment, and the Supreme Court held, as this court did, that, the Secretary had no authority to review the proceedings of a judicial tribunal.
In the present case the defendants have filed a set-off or counterclaim, and it remains to be determined whether it is a valid debt or obligation against the claimant.
The duty or tax accrued under the provisions- of the Act March 7, 1864, ch. 20 (13 Stat. L., 16), and although it was never assessed, as it might have been under the fifth section of the act, it was, nevertheles, due and owing from the estate represented by the claimant, and might have been enforced by an action at law, according to the decision of the Supremo Court in the case of The Dollar Savings Bank v. United States (19 Wall., 227).
The claimant urges that in any event he is entitled to recover interest on the balance of his judgment from the time of filing a copy with the Secretary of the Treasury until the time the set-off was made at the Treasury Department or is allowed by the court, but in our opinion the set-off relates back to the time of presentation of a copy of the judgment to the Secretary of *493 the Treasury, when it became the duty of the department to state the account between the claimant and the United States and to determine the balance due, and that it stopped interest from running thereafter on so much of the judgment-recovered. The claimant was entitled to no interest unless on such settlement a balance was found to be due him, and then only upon the amount of the balance stated. As .he lost nothing by the delay of the public officers in settling the account and making the set-off in technical form on the books of the Treasury Department, so he ought not to gain anything thereby. The findings show that on a full settlement of accounts between the parties there never was due the claimant the balance for which this action is brought, and therefore there is nothing on which interest can be computed. (Rev. Stat., §§ 191, 236, Act March 3, 1875, ch. 149; McKnight’s Case, 13 C. Cls. R., 306, affirmed on appeal, 98 U. S., 179; Waterman on Set-off, § 663.)
The defendants also claim interest on their counterclaim from the time it accrued as a duty or tax upon the cotton; but that cannot be allowed in the absence of any statute authority therefor, since the tax had not been assessed and no demand had been made for its payment.
The judgment of the court in Norton’s Case is, therefore, that the defendants’ counter claim be allowed to the extent of |1;000, to be set off against the balance of the claimant’s judgment sued upon, and that as to the remainder of the respective claims the petition and counter claim be dismissed.
Drake, Ch. J., was absent when this case was heard and took no part in the decision.