Richardson, Ch. J.,
delivered the opinion of the court:
The claimant brings this action to recover $10 a day for his services from March 1, 1884, to January 31, 1885, as supervising engineer and architect for the erection of a building for the Pension Bureau of the Interior Department.
A former suit for like services for the four months immediately preceding the time covered by this action was brought in this court by the present claimant against the present defendants, in which the defendants appeared, issue was joined, a trial had, and every question of law and fact on the merits controverted, in this case was raised, considered, and determined in that case. Judgment was entered in favor of the claimant. An appeal was first taken by the defendants, but was subsequently withdrawn and not prosecuted. The judgment was paid under an appropriation therefor by Congress. (19 C. Cls. R., 497; act of July 7, 1884, ch. 334, 23 Stat. L., 241.)
In our opinion the defendants are estopped from setting up, either here or in the Treasury Department, any defenses against the claimant’s demand for services as supervising engineer and architect of the Pension Bureau which were raised, litigated, and determined in the former action between the same parties. *185 They hare had their clay in court, they have submitted their defenses to a court of competent jurisdiction, and the issue has been decided against them. That issue is forever settled between the parties in all future litigation. Such is the well-settled law between citizens, as decided by the Supreme Court in elaborately considered cases. (Beloit v. Morgan, 7 Wall., 619; Cromwell v. County of Sac, 94 U. S. R., 351; United States v. Nourse, 9 Pet., 8.) Interest reipubliece nt sit finis litium.
The judgment of this court might have been reviewed by the Supreme Court had the Attorney-G-eneral so elected. But he abandoned an appeal at the request, it is understood, of both the Secretary of the Interior and the Secretary of the Treasury, and his action is the action of the defendants. (United States v. Babbitt, 104 U. S. R., 767.)
The accounting officers of the Treasury should have followed that decision in the future settlement of the claimant’s accounts, because the United States are estopped from further controverting the issues adjudicated by the judgment of this court.
In Klein's Case (13 Wall., 128, and 7 C. Cls. R., 241) the Supreme Court held that the Court of Claims exercises all the functions of a court, and is one of those courts which Congress authorizes having jurisdiction of contracts between the government and the citizen, from which appeal lies to the Supreme Court. In O'Grady's Case (22 Wall., 641, and 10 C. Cls. R., 134) the Supreme Court said, “ It is equally certain that the judgments of the Court of Claims, where no appeal is taken to this court, are, under existing laws, absolutely conclusive of the rights of the parties, unless a new trial is granted”; and again, in the same case, "The judgment of the Court of Claims, from which no appeal is taken, is just as conclusive under existing laws as the judgment of the Supreme Court, until it is set aside on a motion for a new trial.”
To permit either one of contending parties to open a controversy once determined, and to require his adversary to litigate anew what has already been judicially settled between them, would be a violation of the spirit if not the letter of that ancient sound maxim of the law, nemo debet bis vexari pro una et eadem causa
Moreover, the decisions of the Court of Claims in general, not appealed from, are guides to the executive officers of the government and furnish precedents for the executive depart *186 ments in all other like cases. It was with that view, apparently, as stated in tbe preface to tbe first volume of tbe Court of Claims Reports, that Congress passed tbe Act of March 17,1866, ch. 10 (14 Stat. L., 9), the third section of which, as incorporated into the Revised Statutes, is as follows:
“.Sec. 1057. * * * And at the end of every term of the court he [the clerk of the Court of Claims] shall transmit a copy of the decisions to heads of the departments, to the Solicitors, the Comptrollers, and the Auditors of tbe Treasury; to the Commissioners of the General Land Office and of Indian Affairs; to the chiefs of bureaus, and to other officers charged with the adjustment of claims against the United States.”
By the Act of June 25, 1868, chapter 71, section 7 (15 Stat. at L., 75), Congress provided, as the same is incorporated into the Revised Statutes, as follows:
“ Sec. 1063. Whenever any claim is made against any executive department, involving disputed facts or controverted questions of law, where the amount in controversy exceeds three thousand dollars, or where the decision will affect a class of cases, or furnish a precedent for the future action of any executive department in the adjustment of a class of cases, without regard to the amount involved in the particular case, or where any authority, right, privilege, or exemption is claimed or denied under the Constitution of the United States, the head of such department may cause such claims, with all the vouchers, papers, proofs, and documents pertaining thereto, to be transmitted to the Court of Claims, and the same shall be there proceeded in as if originally commenced by the voluntary action of the claimant; and the Secretary of the Treasury may, upon the certificate of any Auditor or Comptroller of the Treasury, direct any account, matter, or claim of the character, amount, or class described in this section, to be transmitted, with all the vouchers, papers, documents, and proofs pertaining thereto, to the said court, for trial and adjudication.”
In more recent legislation, the “ Act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands against the government” (22 Stat. at L., 485, commonly called the Bowman Act), it is expressly provided that.in every case from a department under that act the court shall report its findings and opinion to the department from which it was transmitted, for its guidance and action.
So in the still later act of July 7, 1884, chapter 334 (23 Stat. L., 257, and 19 C. Cls. R., xxviii, and Adams’’s Case, ante), p. 115, Congress appropriated $182,432.82 conditionally for the pay *187 ment of a large number of claims of a particular class against the United States, subject to -the following provisions:
“ Provided, That no part of the money appropriated in this paragraph shall be paid to any of the .claimants until the Court of Claims shall have heard and determined all of the questions involved, and the liability of the United States government therefor, in at least one test ease, which case shall bo preferred in the order of the docket of said court.”
Thus the course of legislation unmistakably indicates the intention of Congress that the decisions of the Court of Claims shall be guides and precedents for the executive departments in all like cases.
The wisdom of such legislation and of the intention of Congress indicated thereby is manifest. Here all cases are tried upon issues joined by the parties, the court has the benefit of the arguments of counsel on both sides, the Attorney-General or his assistants appearing and defen ding the interest of the United States, and cases are heard and determined by a bench of five judges, three of whom must concur to the decision of any case (Rev. Stat., section 1052, as amended by the act of June 23, 1874, chap. 468, 1, Supplement to Rev. Stat., 105); while in the Treasury Department claims are finally passed upon by a single person, the Comptroller, without any defense made by the Attorney-General or other officer appearing for the United States, and generally without argument on either side. (See report and circular of Secretary Sherman, McClure's Case, 19 C. Cls. R., 26.)
The judgment of the court is that the claimant recover the sum of $3,370, and it will be so entered of record.