Weldon, J.,
delivered the opinion of the court:
The petition alleges “that claimant is a citizen of the United States, residing in the city of Washington, in the District of Columbia, and that he is the surviving partner of the late firm of C. D. Pennebaker & Son, attorneys at law, formerly doing business in Washington City, and that as such he has a claim against the United States, arising as follows:
“ That the firm of O. D. Pennebaker & Son were regularly enrolled attorneys entitled to practice before the United States Treasury Department, and that in September, 1884, one Abner J. Phelps, of Cumberland County, Ky., employed said firm as his attorneys to prosecute his claim for back pay due him as quartermaster-sergeant, Twenty-fifth Ohio Volunteers, and captain and assistant quartermaster, U. S. Army. Such employment was accepted by the said firm, and the claim was filed in the office of the Second Auditor of the Treasury on September 20,1884, and its prosecution at once commenced by said firm.
“ That on June 21,1888, the said firm of C. D. Pennebaker & Son was dissolved by death of its senior member, the late Col. C. D. Pennebaker, and that thereafter the said claim was diligently prosecuted by your petitioner as the surviving partner of said firm, and that such prosecution of said claim continued until February 9,1892, when the claim was allowed by the accounting officers of the Treasury, and a balance found to be due claimant on the said claim of $460.26, which balance was transferred to claimant’s credit on the books of the Third Auditor’s office as a partial set-off to a charge of $941.27 standing against him on said books, and that no part of said balance has been paid except by transfer, as stated.
“ That by reason and on account of services as attorneys in the prosecution of said claim the firm of C. D. Pennebaker & *40 Son became entitled, upon final adjudication thereof, to afee of $33.02, under the regulation of the Treasury Department governing such cases, but that payment of said fee has never been made.
“That your petitioner has made every effort to collect from the executive officers of the United States the fee due him a's aforesaid, and' that payment has been refused, and is still refused, because of a decision of the Second Comptroller of July 20,1891, as follows:
“ ‘ The fact that in the examination of the claim there have been found items of credit which must be transferred 'to the books of the Third Auditor’s office to reduce the amount due from the claimant to the United States does not authorize any allowance of fees to claimant’s attorneys. This case is similar to a case where the claim is dissallowed on the ground that the debits exceed the credits; and there being nothing due and payable from the United States to the claimant, there is no money from which fees can be paid.’
“Now, your petitioner saith that no assignment or transfer of this claim has been made, and that no payment thereon has ever been received, and that he is justly entitled to the amount of $3J.02 from the United States, against which no just credits or offsets exist, and that the refusal of the executive officers to pay him the sum herein claimed to be due is contrary to the regulation in such cases made and provided. Therefore your petitioner prays judgment against defendants for $33.02.” '
In the amended petition claimant alleges that the regulation of the Treasury Department upon which this suit is founded was issued April 25,1867, and is now in force and being applied daily, as follows:
“Treasury Department,
“Second Comptroller’s Oeeice,

“April 25,1867.

“ Upon consultation with the Auditors, whose work is subject to the revision of this office, the following has been adopted as the scale of fees to be allowed claim agents or attorneys for the collection of back pay, bounty, prize money, or other moneys due from the United States to persons who are or have been officers or enlisted men of the Army, Navy, or Marine Corps of the United States, or their heirs, except in cases of colored claimants, for the collection of whose claims the amount of fees is prescribed in section 2, act of July 26,1866, and joint resolution No. 25, approved March 29, 1867, viz:
“ For the preparation and prosecution of claims for and the collection and remittance of all sums not exceeding $200,10 per centum; for all sums exceeding $200 and less than $800, 10 per centum on the first $200 and 5 per centum,on the remainder thereof; and for all sums of $800 and upward, $50; and said *41 fees shall include all expenses incident to the collection of said claims, except the expense of the necessary notarial or other acknowledgments, which shall be defrayed by the claimant; and any agent or attorney who shall charge, directly or indirectly, in any case, a greater sum for his services in preparing and prosecuting said claims, and collecting and remitting the amount due, shall be deemed guilty of malpractice, and, upon satisfactory evidence of the fact of such overcharge being presented to the Second, Third, or Fourth Auditor, or to the Second Comptroller, said agent or attorney shall be suspended from the further prosecution of claims of any kind in or through any or either of the above-named offices.
“ J. M. Brodi-iead,
“ Comptroller”
■ To the petition the defendants filed a demurrer, and we are called upon to determine whether, upon the facts alleged, the claimant has a right to recover. It is insisted by claimant that his alleged right is founded “ upon a regulation of an Executive Department,” within the meaning of the act of March 3, 1887, defining the jurisdiction of this court.
As against the right of recovery, the defendants’, counsel contends that, in order to recover on the regulation, it must appear that there has been “ a collection and- remittance,” that the prosecution alone does not entitle the attorney to a fee, but that the allowance is founded upon an amount due the party and a payment of that amount. By the allegation of the petition it appears that by and through the efforts of claimant there was an adjustment of the account between the client and the Government, and in that adjustment there was allowed a credit, because of the efforts of his counsel, of the sum of $400.26, which was carried to the credit of the client as a partial set-off to a charge of $947.27.
The regulation is as follows: “ For the preparation and prosecution of claims of and the collection and remittance of all sums not exceeding $200,10 per centum, for all sums exceeding $200 and less than $800,10 per centum on the first $200 and 5 per centum on the remainder thereof, etc.” It has been held by this court “that accounts and balances stated and certified by the accounting officers are neither conclusive nor prima facie. evidence of indebtedness of the Government, nor can an action be brought upon them.” (McKnight Case (13 C. Cls. R.,, 302; Howes & Co. v. United States (24 id., 85).
The petition, by its allegations, in effect concedes the justice *42 of tbe charge against tbe client of $941.37, and tbe right of tbe defendants to credit tbe client with tbe allowance; but that it should have been diminished to tbe extent of the fee, to wit, the sum of $33.02. Tbe charge of $947.31 not being attacked by tbe allegation of tbe petition, it must be assumed to have been a proper charge; and, if so, then by section 1766, Devised Statutes it was tbe duty of tbe officers to credit tbe amounts ascertained by the accounting to be due tbe client on tbe indebtedness in another account of tbe party.
Tbe statute provides that u no money shall be paid to any person for bis compensation who is in arrears to tbe United States until be has accounted for and paid into tbe Treasury all sums for which be may be liable.” It is wholly immaterial, for tbe purposes of this proceeding, whether tbe credit was properly made of tbe whole amount of tbe sum of $400.26. That question cannot arise in this case nor upon this demurrer. Tbe regulation which is tbe basis of this action was intended to pay tbe attorney a certain percentage out of money allowed bis client, but was not intended that tbe United States should allow a per centum upon an adjustment of a claim where the balance was found due the United States and no payment in money was made to tbe client or attorney. Aside from any statutory direction, it has been held that it is tbe duty of tbe accounting officersof tbe Department to set-off a debt due claimant against one due tbe Government. (Bonnafon and Martins cases, 14 C. Cls. R., 484.) Demurrer sustained, with leave to amend by tbe first Monday of March.
Nott, J., did not sit in this case and took no part in tbe decision.