Mr. Justice Humphreys
delivered the opinion of the court:
The relator, Thomas P. MaeManus, brings a suit in the name of the United States against William 3. Moore, JBristow, and others, for the recovery of an amount of money which, he says, the defendants by combination and conspiracy obtained from the United States Treasury on and upon a false and fraudulent claim.
The concluding paragraph of the declaration is in these words: “Wherefore, in consideration of the facts herein set forth, and under the authority of the act of Congress above set forth, the said Thomas P. MaeManus, in the name of the United States, doth now ask judgment against the said defendants for the damages and penalty provided by law, and especially for his half of the said penalty and damages, together with his proper costs of suit.”
It is true that what we call qui-tam actions are provided for in England and in most of the States of this Union, and in this case by act of Congress.
But we are relieved from any further inquiry into the merits of this whole matter by the fact that the Court of Claims has given a judgment for the amount which was found due. That court is as competent to take care of frauds or attempted frauds upon its jurisdiction as is the highest court in the British Empire, or any court in the United States.
It passed the claim, and it is the only tribunal known to our laws as a judicial one which can properly render a judgment against the United States that the government is in duty bound to respond to by way of appropriation.
The government of any country cannot be sued except through a tribunal established by itself. The statute has expressly created this Court of Claims to adjudicate the matter *228 of dues to its own citizens, and lias given-it full power to inquire into alleged impositions, frauds, peculations, or other wrongs involving a proper judgment, and no other court can collaterally inquire into its proceedings. Such a course would be to mix up jurisdictions and make confusion worse confounded, which the true spirit of the law abhors.
We can say no more than we have already uttered, that the court which heard and passed the claim is every way competent to take care of everything involved in this suit. The full declaration exhibits a charge of combination and conspiracy to cheat and defraud the government.
Yet the facts and law are, that the questions now attempted to be inquired into were altogether proper for the tribunal which allowed the claim.
Until that court has had a proper case laid before it in the recognized mode and manner, we cannot interfere. To do so would be absolute assumption, resulting in conflict of jurisdiction.
The judgment is aflirmed.