Nott, J.,
delivered the opinion of the court:
The Indian Depredation Act, 1891 (26 Stat. L., p. 851, § 4), provides:
“ Seo. 4. The service of the petition shall be made upon the Attorney-General of the United States in such manner as may be provided by the rules or orders of said court. It shall be the duty of the Attorney-General of the United States to appear and defend the interests of the Government and of the Indians in the suit, and within sixty days after the service of the petition upon him, unless the time shall be extended by order of the court made in the case, to file a plea, answer, or demurrer on the part of the Government and the Indians, and to file a notice of any counterclaim, set-off, claim of damages, demand, or defense whatsoever of the Government or of the Indians in the premises:
Provided, That should the Attorney-General neglect or refuse to file the plea, answer, demurrer, or defense, as required, the claimant may proceed with the case under such rules as the court may adopt in the premises; but the claimant shall not have judgment for his claim, or for any part thereof, unless he shall establish the same by proof satisfactory to the court.
And Buie xrv provides:
“14. Unless the Assistant Attorney-General in charge shall, within sixty days after the service of the petition upon him, appear and defend the interests of the Government and of the Indians in the suit by filing a plea, answer, or demurrer on their behalf, and by filing a notice of any counterclaim, set-off, claim of damages, demand, or defense of the Government or of the Indians in the premises, a general traverse of the petition shall be entered on the part of the defendants by the clerk, and the case shall be proceeded with the same as though an answer of general traverse had been filed.”
This rule of the court was framed at the request of the Assistant Attorney-General having charge of the defenses of the United States in Indian depredation cases, and upon the assurance that a general traverse would be interposed in all cases where no demurrer or special plea was filed. It was thought that if this formality was performed by the clerk as of course, in cases wherein the Attorney-General did not intend to pursue a different course, much unnecessary labor would be dis-X>ensed with both among the law officers of the Government *15 and in tbe clerk’s office. The entry of the general traverse by the clerk is to all intents and purposes the act of the Attorney - G-eneral. Where he elects to proceed differently, the general traverse is not entered, or, if entered in ignorance of his intent, will at his request be set aside. This case, therefore, stands as if a general traverse had been filed by the Attorney-General.
The court is of the opinion, and such has been its uniform practice, that where parties waive an oral argument and submit a case on stipulation, either should be allowed to withdraw it any time before a decision is announced, and have it remanded to the calendar for argument when reached. But this withdrawal does not of itself authorize a party to take new evidence.
The court is also of the opinion that, when the taking of evidence is closed and the case has taken its place on the calendar and neither party is entitled to take new evidence and has to apply to the court so to do, the application should state the facts expected to be proved or disproved with sufficient particularity for the opposing party to concede them if he should wish to, and for the court to see that they are material, or that it should give such reasons as will excuse the party from, stating the sj>ecific facts he expects to establish.
In this case the application of the defendants is defective in the last-named particular; but the Assistant Attorney-General having stated in open court that he expects to prove by the new evidence which he intends to take that the quantities of property destroyed by the Indians and the values thereof have been exaggerated, and this to a very large amount, the motions of the claimant must be overruled.