Richardson, Ch. J.,
delivered the opinion of the court:
On January 19,1893, this case, which is founded on a claim examined, approved, and allowed by the Secretary of the Interior, was submitted upon a written stipulation, signed by both parties, setting out the facts agreed upon by them, which are sufficient to bring it within that class of claims entitled to priority of consideration and judgment under the third proviso of section 4 of the Jurisdictional Act 1891, March 3 (ch. 538, 1 Supp. Rev. Stat., 2d ed., p. 915), for the amount found due and allowed by the Secretary of the Interior, neither party having elected to open the same.
The original petition was in the name of heirs and next of kin, by name, of Aiken Bartley, against whose property the depredations were alleged to have been committed. It was made in their names, because said Bartley had died many years ago, and the laws of Texas, where he was domiciled, do not admit of the taking out of administration of the estate of a person who had been deceased many years, as has said Bartley, but do make some provisions for the bringing of action in such case in the name of the heirs or next of kin. This gave rise to the question whether or not these provisions of the Texas laws applied to the present case, and it was agreed and submitted January 31,1893. While the case was under advisement by *17 tbe court on that point, Texas passed an act allowing administrators to be appointed under such circumstances, and thereupon the present claimant was duly appointed administrator. October 11,1893, he filed thS evidence of his appointment and moved to be substituted as claimant and that the case thereafter proceed in his name. The heirs and next of kin named in the petition as claimants not objecting, this motion was allowed.
October 30,1893, said stipulation was remanded “for such action as the parties see fit to take, in view of the motion allowed October 14,1893, in relation to the appointment of an administrator of the estate of Aiken Bartley, deceased.”
November 4 the defendants filed 'an election to reopen the case, and a motion that the same be remanded “ for the taking of further proof and for preparation of trial.”
November -6, 1893, the claimant filed''a motion to dismiss defendants’ motion for remand and his election to reopen the case of November 4. Both motions were heard together.
Before considering the defendants’ motion, the court takes occasion to say that this practice, recently adopted by attorneys in Indian depredation cases, of filing a counter motion to dismiss a motion of the opposing party, is wholly unnecessary and irregular. It leads to confusion, multiplies papers, and encumbers the files, the docket, and the calendar. Such a motion can only be entertained for some cause extrinsic to a consideration of its merits. The claimant’s motion is overruled. Hereafter motions of this kind will be summarily overruled, without reference to the law calendar for argument.
The defendants’ motion for leave to reopen the case we feel bound under the circumstances to deny. The claimant has been diligent and active in its preparation; all the papers were before the Assistant Attorney-General many months, and, as nothing appears to the contrary, it must be presumed that he had carefully examined them. Nearly a year ago he signed, with the claimant’s attorney, the stipulation agreeing upon the facts, and that stipulation remains unimpeached.
At the trial the attorney for the defendants stated that he had no new testimony to offer, but desired to argue the case upon the record on the question of whether or not the defendant Indians were in amity with the United States. The evidence was all before the Assistant Attorney-General when he *18 signed the agreed facts, and there is no allegation of fraud, collusion, or other irregularities.
In Giddings Case (29 C. Cls. R., 12) we recently held, in accordance with the uniform practice, that, “when parties waive an oral argument and submit a case on stipulation, either should be allowed to withdraw it at any time before a decision is announced.”
The stipulation there referred to was a stipulation to submit without oral argument a case upon a claim not examined by the Secretary of the Interior, and not, as in this case, a stipulation of the facts agreed upon by the parties. In the latter case the claim must have had the examination, approval, and allowance of the Secretary of the Interior. A case, then, that has had the approval of the Secretary of the Interior and the Assistant Attorney-General can not be reopened for the mere purpose of an argument upon the same evidence that was before them, without showing fraud, collusion, or manifest mistake apparent on the record.
This case is still on the general docket, by remand of October 30,1893, for either party to take such action as they see fit-in view of the amendment allowed introducing the administrator as claimant in the place of the heirs and next of kin. If no action be deemed necessary by either party on that point, the case can now proceed to judgment as on resubmission.