## UNITED STATES v. J. G. JOHNSON & CO.

(Circuit Court, S. D. New York. February 8, 1906.)

No. 3,360.

1. JUDGMENT—RES ADJUDICATA—CUSTOMS DUTIES—ACTION FOR RECOVERY.

In an action by importers against the collector of customs, in a Circuit Court, for the recovery of excessive duties, a verdict was directed for the importers for a part of the claims made, and against them for the remainder, judgment being rendered and satisfied on that basis. *Held*, that the entire matter thus became res adjudicata, and the importers could not by subsequent proceedings before the Board of United States General Appraisers, have a further recovery on the merchandise as to which said verdict had been adverse.

2. CUSTOMS DUTIES—BOARD OF GENERAL APPRAISERS—CONCURRENT JURISDICTION.

The jurisdiction of the Circuit Courts of the United States in respect to customs duties prior to the enactment of the Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 131 [U. S. Comp. St. 1901, p. 1886], was concurrent with that given the Board of United States General Appraisers by that act.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported under the tariff act of March 3, 1883.

Henry A. Wise, Asst. U. S. Atty.

Frederick W. Brooks, for the importers.

HAZEL, District Judge. This action comes here upon an appeal by the collector of customs for the collection district and port of New York from a decision made on the 2d day of April, 1903, by the Board of General Appraisers. The single question submitted is whether the issues raised by the protest filed by the importers have become res adjudicata by virtue of a judgment recovered by the protestants against the collector for excessive duties paid upon the merchandise in question. Briefly stated, the record shows that the collector when the importation was entered levied a tariff duty of 50 per centum ad valorem as manufactures of silk under paragraph 283 of the tariff act of March 3, 1883, 22 Stat. 488, c. 121. The protestants claimed that the articles were dutiable at 20 per centum, or, in the alternative, 25 per centum under paragraphs 448 or 459, respectively. Subsequently, an action was brought at law against the collector to recover the excess duties collected. Upon the trial the following proceedings were had:

"John G. Johnson et al. v. Erhardt, N. S. 18,000 Calendar No. 3,270. Same appearances. Tried before the same jury by consent, and the swearing of the jury waived.

"Mr. Fromme: Cal. No. 3,270, Suit No. 18,000, same plaintiffs against Erhardt. I ask that the papers already introduced in evidence in case Cal. No. 3,261, may be considered in this case. The amount of the plaintiffs' claim in this case as shown by the bill of particulars is $10,800. I ask that a verdict may be directed for the plaintiffs under column 1 for $463.50, under

column 6 for $122.70 and under column 24 for $942, making a total of $1,528.20, with interest to date of payment. It is stipulated that as to those amounts for which a verdict is asked in columns 6, 22, 23, and 24 the amounts which have been already specified are the maximum claims for which the plaintiffs can ask.

"The Court (Coxe, J.): Gentlemen of the jury, there seems to be no conflict upon the facts in this case, and you are therefore directed to find a verdict for the plaintiffs for the items which have been proven, amounting to $1,528.20 principal with interest, subject to correction and adjustment at the custom house, by the collector of the port, under the direction of the court, as to the amount, and as to all the formalities and requisites of suit. Upon all other items embraced in the plaintiffs' claim, you are directed to render a verdict for the defendant. The jury rendered a verdict in accordance with the direction of the court. Certificate of probable cause granted defendant."

Upon the rendition of the verdict, judgment was entered which afterwards was paid and satisfied. On May 6, 1892, the collector liquidated the entry, a protest being filed by the importers on May 12, 1892. On October 10, 1901, oral evidence was taken by the Board of General Appraisers in relation to such protest and the claim of the protestants sustained, while the action of the collector was reversed. The importers contend that they are entitled to recover back the remaining excess duties paid on the other claims covered by the entry, on the ground that they did not by their acceptance of the verdict of the jury specifically release the government from the payment of such claims. This contention is wholly untenable. The recovery of the judgment, considered in connection with the stipulation of the parties in open court, whereby it was stipulated that the amount of the verdict requested by the plaintiff was the maximum amount of the claims for which they could recover, undoubtedly is conclusive upon the importers. Although there were several items of merchandise upon which a separate duty was assessed, yet the entire controversy arising out of the unlawful exaction was submitted to the court. The importers resorted to the remedy provided by law for the correction of the illegal assessment of duties; and the adjustment of the controversy by a court of conceded jurisdiction was a liquidation of the claims alleged in the complaint against the debtor. No other consideration was necessary to sustain a remission or relinquishment of any other claims asserted in the complaint for excessive duties collected. The importers were not obliged to pursue their remedy at law against the collector, as the customs administrative act of June 10, 1890, c. 407, 26 Stat. 131 [U. S. Comp. St. 1901, p. 1886], was in force at the time of the trial. Having elected to pursue their remedy in this court instead of before the Board of General Appraisers, a tribunal of concurrent jurisdiction in relation to customs duties, they are precluded from maintaining another remedy to recover any other excess claimed in the complaint to have been unlawfully exacted by the collector.

The decision of the Board of United States General Appraisers is reversed.