## UNITED STATES v. TIFFANY & CO.

(Circuit Court, S. D. New York.   April 13, 1907.)

1. CUSTOMS DUTIES—ACTION FOR DUTIES—STAY OF PROCEEDINGS.

On an action against an importer for unpaid duties, it is proper to stay the trial in order to permit the importer to pay the duties under protest, so as to allow the Board of General Appraisers to pass upon the correctness of the assessment in question, as prescribed by Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

2. SAME—JURISDICTION OF GENERAL APPRAISERS—DELAY IN PAYMENT OF DUTIES.

Mere delay in the payment of duties on imported merchandise does not deprive the Board of General Appraisers of power to pass upon the question of the proper classification of imported merchandise under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], where protest has been filed within the time prescribed in said section.

3. SAME—INTEREST ON UNPAID DUTIES.

The United States is entitled to interest on duties due from an importer.

At Law.   Action to recover unpaid duties.

This is an action by the United States to recover duties alleged to be due from Tiffany & Co. by reason of a reliquidation by the collector of customs at the port of New York at an increased rate on an importation by that company. The case involves the construction of Customs Administrative Act June 10, 1890. c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], the pertinent parts of which are as follows: "Sec. 14. That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise * * * shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee or agent of such merchandise, * * * shall within ten days, * * * if dissatisfied with such decision, give notice in writing to the collector, * * * and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon. Upon such notice and payment the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of three general appraisers." Former proceedings in connection with this action, which are reported in 137 Fed. (C. C.) 971, 151 Fed. (C. C. A.) 473, and 153 Fed. (C. C. A.) 969, resulted in the decision that the importers could not defend the action on the ground, as stated in their answer, that the duties in question were improperly assessed; because under said section the decision of the collector is "final and conclusive," unless attacked by the method prescribed in said section; that is, by bringing the matter before the Board of General Appraisers. The importers have now moved to amend their answer, alleging that under said decision they became entitled as a matter of law to pay the collector the amount demanded in the complaint; that, having duly protested and filed notice of dissatisfaction, they were entitled to go to the Board of General Appraisers for proper action as to the classification; that they have tendered said amount to the collector; that he refuses to accept it; and that they are ready and willing to pay the sum so refused. The importers have also moved for an order perpetually staying the trial of the action until the collector shall receive the duties and put the importers in position to try the question of classification of the merchandise before the board, and for such other and further relief as the court shall deem just and proper in the premises.

J. Osgood Nichols, Asst. U. S. Atty.

D. Macon Webster (Arthur M. King, of counsel), for importers.

LACOMBE, Circuit Judge. It seems unnecessary to pass upon the question whether defendant shall be allowed to plead the tender as a defense; presumably the money offered was not accepted because of some misapprehension as to the decision of the Circuit Court of Appeals. That tribunal held that the merits of the controversy should be passed upon by the Board of General Appraisers, to whom, upon payment of the duty assessed, the collector would transmit the invoice and other documents as the customs administrative law provides.

Under the authorities, protest being filed within the 10 days, mere delay in payment does not deprive the board of the power to pass upon the question of proper classification. The defendant, therefore, may take an order staying the trial of this action until after the Board of General Appraisers shall have passed upon the question as to classification for duty. The order may contain a proviso to the effect that if defendant shall fail to tender the amount liquidated with interest, and a request that the papers be transmitted under section 14, Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], within 10 days from entry of the order, plaintiff may move to vacate the stay.