(C. D. 110)

R. W. CRAMER & Co., INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided February 27, 1939)

*Strauss & Hedges* (*Howard Carter* of counsel) for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges; Dallinger J., not participating

Kincheloe, Judge: This suit was previously before us for decision on a record which was not only confusing but also contradictory in certain respects. For the purpose of clarifying said record the court, of its own motion, ordered the protest restored to the calendar in order that the parties might have an opportunity to establish the necessary facts that a proper adjudication of the matter might be made.

At the hearing pursuant to the court's order restoring it to the calendar the case was resubmitted by counsel for the respective parties on a stipulation, wherein the previously existing defects in the record have been removed and all the facts relating to the issues presented herein are very thoroughly and completely set forth. The said stipulation reads as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

1. That the merchandise in question is described on the invoice as transparent recording paper. It was originally entered on June 28, 1929 and the Collector liquidated the entry on Feb. 13, 1930, assessing duty on the merchandise at the rate of 35% ad val. under Par. 1313 of the Tariff Act of 1922 as manufactures of paper not specially provided for. Timely protest was filed on April 8, 1930, against that decision of the Collector, and in due course said protest was forwarded with the entry and accompanying papers to the United States Customs Court by the Collector. That protest, protest 458269–G, was decided by the United States Customs Court in a decision reported in Abstract 32963 sustaining the contention of the importer and holding the merchandise to be properly dutiable at the rate of 5 cents per pound and 20% ad val. under Par. 1305 of the Tariff Act of 1922, as articles composed in chief value of a paper covered with a pattern or character, and a judgment was issued under that decision directing the Collector to reliquidate the entry assessing duty at the lower rate.

2. That the instant protest is lodged against:

(a) The failure to follow the judgment of the Customs Court dated Dec. 17, 1935, Abstract 32963;

(b) The so-called refusal of the Collector of Customs to post the reliquidation under the Act of 1930;

(c) The assessment of duty at 35% ad val. under Par. 1413 of the Tariff Act of 1930;

(d) The assessment of duty at 35% ad val. under Par. 1313 of the Tariff Act of 1922.

3. That no appeal was taken from Abstract 32963, nor was any motion for rehearing made by either party.

4. That the rates of duty assessed under the Acts of 1922 and 1930 were the same, that is, 35% ad val.

5. That all of the merchandise was actually in warehouse on June 17, 1930, and was not withdrawn until Nov. 13, 1930, and under Section 557 of the Tariff Act of 1930 duty accrued and was assessed under the Tariff Act of 1930.

6. That on July 29, 1931, the entry was reliquidated "No Change" under the Tariff Act of 1930 and this reliquidation was not posted.

7. That following Treasury Decisions 34396 and 40568, Section 557 of the Tariff Act of 1930 and Article 830 (k) of the Customs Regulations of 1931, the Collector of Customs deemed it unnecessary to post the reliquidation under the Tariff Act of 1930.

8. That the Collector of Customs has refused and failed to follow the judgment of the U. S. Customs Court.

9. That the reliquidation under the Tariff Act of 1930, on July 29, 1931, was never posted by the Collector.

10. That the instant protest was filed within sixty days of the refusal of the Collector to follow the decision of the U. S. Customs Court and within sixty days of his refusal to post the reliquidation under the Tariff Act of 1930.

11. That the protests may be deemed re-submitted on this stipulation.

Article 830 (k) of the Customs Regulations of 1931, referred to in "Fact 7" of the above stipulation, reads as follows:

(k) When the rate of duty is changed by act of Congress or by proclamation of the President, entries covering the classes of goods enumerated in section 315 should be liquidated or reliquidated, as the case may be, on the basis of the new rate. The reliquidation in such cases shall be made in the district where the merchandise is in customs custody on the date of the change of rate.

It will be observed that the said article of the Customs Regulations of 1931 refers specifically to *a change in the rate of duty;* and that any liquidation or reliquidation should be *on the basis of the new rate.* There was no new rate applied to the instant merchandise under the Tariff Act of 1930. The collector assessed the same rate of duty in his original action under the Tariff Act of 1922, as he applied in his reliquidation of the entry under the Tariff Act of 1930, to wit, 35 per centum ad valorem. And the claim of the plaintiff is the same under the present tariff act as it was under the act of 1922.

Among the authorities which, according to the stipulation, *supra,* the collector adopted as the basis for his action is the case of *D. H. Arnold & Co. et al.* v. *United States,* 26 Treas. Dec. 659, T. D. 34396. The stipulation states that following the said decision, and other authorities mentioned, "the Collector of Customs deemed it unnecessary to post the reliquidation under the Tariff Act of 1930."

In our opinion the decision in the *Arnold* case, *supra,* contains nothing to support the collector's action in the instant case. On the contrary, the principle enunciated in the said case, in our judgment, supports the allegation in the protest that the collector failed to follow "the favorable judgment of the Customs Court dated Dec. 17, 1935."

The *Arnold* case, *supra,* had reference to certain woolen fabrics which were imported from England while the Tariff Act of 1897 was in effect. Some of the goods were entered for consumption and the remainder were entered for warehouse under bond. While an issue concerning the dutiable status of the merchandise was pending before the Court of Customs Appeals the Tariff Act of 1909 was enacted, and the collector reliquidated the entry under said act. In holding the said reliquidation to be unwarranted and void, the court said:

There are authorities holding that where a change of rate is made after goods go into warehouse a reliquidation is necessary after the change takes place. Merritt v. Cameron (137 U. S., 551). Our attention, however, has not been called to any case where it is decided that the enactment of a new law and repeal of the old one without a change of rate would necessitate a reliquidation. * * * * * * Under the circumstances of this case we hold that the collector had no authority to reliquidate on any ground except that mentioned in the mandate; that the reliquidation actually made by him against which protest is here filed was unwarranted and void; that the reliquidation made after the 1909 law was enacted was unnecessary for the reason that there had been no change in the law governing the case, no new right had been created, and there was no occasion for reliquidation. We think it must be held that the collector is not at liberty to reliquidate ad libitum where there has been no change in the law and no new right has been created; in other words, it is not thought that he can reliquidate time after time upon the same grounds mentioned in the first liquidation. To hold otherwise would be to allow a collector, where time had expired for protest after a liquidation, to revive a case for the benefit of the importer; and this might be done time after time during the period allowed him to reliquidate. We do not think it wise to make such a practice possible.

It is claimed by the Government that the repeal of the old and the enactment of the new law necessitated the beginning of proceedings again; that is, necessitated a reliquidation whether there had been a change of rate or not. We do not find any authority for such holding, and are of the opinion that to so hold would be to encourage useless and unnecessary pleadings and proceedings.

The case of *Merritt* v. *Cameron*, 137 U. S. 551, cited in the *Arnold* case, *supra*, had under consideration section 2970 of the Revised Statutes, which the court stated was analogous to section 29 of the Tariff Act of 1909. The language of the latter section is the same as that used in section 315 of the Tariff Act of 1930, which reads, so far as is pertinent to this case, as follows:

On and after the day when this Act shall go into effect * * * all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, * * * for which no permit of delivery to the importer or his agent has been issued, shall be subjected to the duties imposed by this Act and to no other duty upon the entry or the withdrawal thereof: * * *.

In *Merritt* v. *Cameron* the court stated:

In our opinion that section was intended to provide for cases in which a *change in the rate* of duty had been made by statute while the merchandise was in the bonded warehouse. * * * If the statute changing the rate of duties goes into effect after the liquidation of the original entry, a reliquidation must necessarily take place. [Italics ours.]

In the light of the decisions referred to, such language in our opinion is equally applicable to the provisions of section 315 of the present tariff act.

Following the rules laid down in the cited authorities, the reliquidation under the Tariff Act of 1930 of the entry covered by the instant protest must be held to be a nullity. Here, as in the *Arnold* case, *supra*, "there has been no change in the law and no new right has been created." The rate assessed by the collector under the Tariff Act of 1922 and the rate claimed by plaintiff under said act were carried over

into the Tariff Act of 1930. In other words, the legal issue which arose under the provisions of the Tariff Act of 1922 continued under the provisions of the present tariff act. Moreover, the language of the competing provisions in both of said acts is identical.

Since we are satisfied that the reliquidation under the Tariff Act of 1930 of the entry in question is without force and effect, and not binding on any one, the status of the instant merchandise for tariff classification purposes is necessarily reverted to that fixed by the decision of this court in Abstract 32963, wherein it was held that the said merchandise was properly dutiable at the rate of 5 cents per pound and 20 per centum ad valorem under paragraph 1305 of the Tariff Act of 1922.

The question concerning the duties and obligation of the collector of customs to obey and to execute a mandate and judgment of this court was very exhaustively discussed in our decisions in the cases of *Fulghum* v. *United States* (C. D. 66) and *Bullock's* v. *United States* (T. D. 47809), to which we particularly invite attention. No further elaboration on the subject is deemed necessary at this time. Suffice it to say that the judgment issued under our decision in said Abstract 32963 has become final and conclusive on all parties.

For the reasons hereinabove set forth the collector of customs is hereby ordered and directed to execute the judgment of this court issued on December 17, 1935, covering protest 458269–G decided in said Abstract 32963, and to reliquidate the entry covering said protest as directed in said judgment.

Judgment will be rendered accordingly.