BEFORE THE THIRD DIVISION, MAY 6, 1940

No. 43635.—Protests 867698–G, etc., of B. Holman, Inc. (New York).

EVANS, Judge: This case was originally submitted to the court on a motion to dismiss made on behalf of the Government. The court in C. D. 218 overruled the motion and upon request of both parties ordered the case suspended under Suit 4093, pending in the Court of Customs and Patent Appeals. Thereafter both parties litigant joined in a motion to remove the same from suspension, which was done and the case came on regularly for hearing. The Government then renewed its motion to dismiss and both parties submitted the case with the understanding that the court make a final appealable judgment order.

At the second hearing the defendant's attorney called the attention of the court to the decision of this court, Second Division, reported as R. W. Cramer & Co., Inc. v. United States, 2 Cust. Ct. 142, C. D. 110, on the point that it was not necessary for the collector to reliquidate under the new tariff act on merchandise in warehouse at the effective date of said new act, where no change of rate had been made. We think the cited case is distinguishable because of circumstances here shown which were not present in the cited case, to wit, that the 1930 act changed the language relating to the type of merchandise now before us, and the court cannot say whether that change of language will produce a change of rate applicable to the instant commodity or not.

We therefore adhere to our ruling that the motion to dismiss should be denied. We are further of the opinion that the collector of customs at the port of entry should reliquidate in the manner and form provided for by sections 505 and 315

of the Tariff Act of 1930 and the regulations promulgated by the Secretary of the Treasury therefor and post notice of such reliquidation. That claim in the protests is therefore sustained, reserving to the plaintiff any rights in respect to the prosecution of claims in regard to the rate of duty applicable to the merchandise.

Judgment will be rendered accordingly. It is so ordered.