BEFORE THE FIRST DIVISION, AUGUST 12, 1954

No. 58323.—Slazengers, Inc. *v.* United States, protests 210744–K and 211373–K (New York).

OLIVER, Chief Judge:   This case relates to certain leather gloves that were assessed with duty at appropriate rates, according to length and type of construction, provided in paragraph 1532 (a) of the Tariff Act of 1930, as modified. Plaintiff claims that these gloves are properly dutiable at the rate of 15 per centum ad valorem under the provision for "equipment" in paragraph 1502 of the Tariff Act of 1930, as modified by T. D. 51802 which modified paragraph, so far as pertinent, reads as follows:

Boxing gloves, footballs, tennis balls, golf balls, * * * and all clubs, rackets, bats, golf tees, and other equipment, such as is ordinarily used in conjunction with any gloves or balls provided for in paragraph 1502, Tariff Act of 1930, all the foregoing, not specially provided for:

    *        *        *        *        *        *        *

Only one witness testified. He was the sales representative for the eastern part of the United States of the plaintiff corporation, that has been manufacturing and selling sporting goods equipment for "Over 100 years." The witness' uncontradicted testimony shows that the articles in question are especially designed for and exclusively used by people playing the game of golf, and that these gloves are usually sold singly, and only occasionally in pairs. The sample (plaintiff's exhibit 2) was described by the witness as having been made "for a right-handed golfer, * * * for use on the left hand." An examination thereof reveals several characteristics that readily distinguish it from the ordinary glove usually worn as apparel. The golf glove (exhibit 2, *supra*) has perforated holes in the back to permit circulation of air and prevent perspiration of the hands, enabling the golfer to hold the golf club tightly and avoid slipping. Instead of having the button, which holds the glove to the hand, on the front, where it is usually fitted on the conventional types of gloves, the golf glove has the button placed in the back to prevent interference from it by the wearer while playing golf. Elastic is sewed inside the glove so that it holds snugly to the wrist, lending facility to a proper grip on the golf club by the player.

It is fair to say, on the basis of the evidence before us, that the gloves in question, by their peculiar design and construction, and their exclusive use, serve no other purpose but to aid in a safer and more efficient game of golf. The articles, therefore, are within the designation of "equipment," as contemplated by the provisions of paragraph 1502, as amended, *supra*, and within the broad interpretation of the said designation as enunciated in the case of *Cruger's (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 516, T. D. 40730.

Directly in point is the case of *R. F. Downing & Co. (Inc.)* v. *United States*, 53 Treas. Dec. 527, T. D. 42749, as it related to leather gloves used in playing the game of cricket and involved the same issue as that now before us. There, as here, the testimony and sample showed that the gloves were made for the class of people who play the game for which the gloves were designed. In excluding the articles from the provision for leather gloves and holding them classifiable as "equipment," the court said that "It is inconceivable that * * * the cricket gloves at bar, were in the congressional mind at the time of the enactment of the glove paragraph." With equal propriety, the same can be said concerning the golf gloves here under consideration.

On the basis of the present record, we hold these golf gloves to be classifiable as equipment under the provisions of said amended paragraph 1502, and dutiable thereunder at the rate of 15 per centum ad valorem, as claimed by plaintiff.

The protests are sustained and judgment will be rendered accordingly.