

**SLAZENGERS, Inc.**

v.

**UNITED STATES.**

**C.D. 1919, Protest No. 273785–K.**

United States Customs Court,
First Division.
Oct. 8, 1957.

Barnett L. Kulak, New York City, for plaintiff.

George Cochran Doub, Asst. Atty. Gen. (Joseph E. Weil and Richard H. Welsh, Trial Attys.), New York City, for defendant.

Before OLIVER, Chief Judge, and MOLLISON, and WILSON, Judges.

WILSON, Judge.

The facts in this case are not in dispute. The plaintiff, in a previous case, filed in this court protests 210744–K and 211373–K, Slazengers, Inc. v. United States, 33 Cust.Ct. 338, Abstract 58323. The protest first above mentioned covered entries 838134, 848957, 826065, 826-066, and 829351. Other and separate entries are covered by the remaining protest. These cases were consolidated for trial and decided in favor of the importer, the court holding that the merchandise there in question should have been classified for duty under paragraph 1502 of the Tariff Act of 1930, 19 U.S. C.A. § 1001, par. 1502, as modified by T.D. 51802, at 15 per centum ad valorem, instead of under paragraph 1532 of said tariff act, as classified by the collector, who, under that paragraph, assessed duty at 40 per centum ad valorem. The two protests involved in Abstract 58323, supra, were tried without any question being raised as to the timeliness of the

filing of the protests. However, when the collector received the court's decree directing the reclassification of all the merchandise involved under paragraph 1502, it was discovered that protest 210744–K was not filed within the 60-day period prescribed by section 514 of the Tariff Act of 1930, 19 U.S.C.A. § 1514. The collector thereupon reliquidated the entries under the protest which had been filed in time and refused to reclassify the entries under protest 210-744–K in accordance with the judgment of this court therein, on the ground that the decree of the court directing such reliquidation was void, since it was based on a protest filed after the lapse of the prescribed time. In his reliquidation of such items, the following notation was attached to each consumption entry:

"Reliq 12/2/54     Abs 58323     N. Y.
"Protest Untimely—No Action this Abstract

*"No Change"*

Within 60 days following the action of the collector in refusing to change his original classification of the disputed merchandise, the attorney for the plaintiff herein filed the protest now under consideration. The protest is dated February 16, 1955 (and filed on the same day), and reads as follows:

"Re:  Reliquidation made on December 21, 1954 on the following entries:

| "Entry Number | Date of Entry |
|---|---|
| 848957 | 3/16/51 |
| 826066 | 3/6/51 |
| 829351 | 2/13/51 |
| 826065 | 2/6/51 |
| 838134 | 2/28/51 |

"Dear Sir:
    "Please take notice, that on behalf of my client, Slazengers, Inc., I hereby protest the reliquidations stated above, on the ground that the merchandise covered by the above entries, consisting of golf gloves, should have been assessed with duty at the rate of 15% ad valorem under the provision for equipment in paragraph 1502 of the Tariff Act of 1930 as modified, instead of the rate of 40% at which they are assessed as gloves made wholly or in chief value as leather, pursuant to paragraph 1532 of the Tariff Act of 1930;

and on the further ground that the said reliquidation was contrary to law and in violation of the judgment and mandate of the United States Customs Court, First Division, dated the 12th day of August, 1954."

From the foregoing protest, it appears that the merchandise under consideration was entered on dates running from February 6, 1951, to March 16, 1951, both inclusive.

The plaintiff, upon the foregoing record, contends that the collector, in failing to object to the untimely filing of the protest covering the entries now under consideration, "waived such objection and is bound by the Court's judgment." The protest now before the court was admittedly filed within 60 days after the date of the collector's reliquidation of the involved merchandise and is, therefore, properly before the court for consideration.

It will be observed from the protest filed by the plaintiff, supra, that the collector's reliquidation is challenged not only on the ground that "the said reliquidation was contrary to law and in violation of the judgment and mandate of the United States Customs Court, First Division, dated the 12th day of August, 1954," but also upon "the ground that the merchandise covered by the above entries, consisting of golf gloves, should have been assessed with duty at

the rate of 15% ad valorem under the provisions for equipment in paragraph 1502 of the Tariff Act of 1930 as modified, instead of the rate of 40% at which they are assessed as gloves made wholly or in chief value as leather, pursuant to paragraph 1532 of the Tariff Act of 1930; * * *."

Upon the record as presented, the determination of this case becomes entirely a matter of law, and two legal questions are presented. First, was the court's original judgment, based upon the protest filed after the expiration of the 60-day period, as prescribed in section 514 of the Tariff Act of 1930, valid or invalid, in view of the fact that no question of time limit was raised prior to the entry of the decree, or any time in the case of Slazengers, Inc. v. United States, 33 Cust.Ct. 338, Abstract 58323, and secondly, if the court's decree was void, was the collector's so-called reliquidation, made on the 21st of December 1954, nearly 4 years after the goods in question were entered, a valid reliquidation against which a protest lies?

If the court's decree based upon the protest filed with the collector more than 60 days after the original liquidation of the goods by the collector is void, even though the timeliness of the protest was never challenged before the court, which appears to admit of no doubt under the law, as definitely established by this and other courts, it is elementary that all the purported acts based upon proceedings over which the court had no jurisdiction are not merely voidable, but are absolutely void *ab initio*.

In the case of Wm. A. Brown & Co. v. United States, 58 Treas.Dec. 858, T.D. 44461, the issue therein was stated as follows:

" * * * the collector declined to reliquidate the entry upon the ground that the protest related to goods entered for consumption under the Tariff Act of 1913, whereas the protest was filed more than 30 days after liquidation and was therefore not within the statutory time (Par. N. Sec. III, act of 1913). Subsequently, to wit, on September 6, 1928, the collector did reliquidate the entry but made no change in the rate or amount of duty. Thereupon the present protest was filed, in which the claim is made that the collector erred in failing to follow and obey the decision of this court reported in said Abstract 362 and the judgment order entered thereon. It also renews the claim in the original protest that the merchandise is free of duty."

The court held that the protest therein could not be sustained, inasmuch as the original protest covering the merchandise was filed after the expiration of 30 days after liquidation, and held that "It is also well settled that a protest filed later than the time fixed by statute confers no jurisdiction on this court," citing as authority United States v. Robinson & Co., 12 Ct.Cust.App. 145, T.D. 40062.

In the case of James C. Gabriel v. United States, 9 Cust.Ct. 109, C.D. 671, the Government filed a motion to vacate and set aside the judgment of the Customs Court rendered in February 1941 (6 Cust.Ct. 546, Abstract 45414), wherein the court had sustained a petition for remission of additional duties. The grounds set forth in the motion were that the petition was filed more than 60 days after liquidation and that, therefore, the court was without jurisdiction to decide the issue upon the merits and should have entered judgment dismissing the petition. The motion asked that a judgment order be entered dismissing the petition upon jurisdictional grounds. As in the case at bar, the untimeliness of the petition was not called to the attention of the court by counsel for either side. This court, in the James C. Gabriel case, supra, held that there was no power in the court to reopen the judgment and readjudicate the subject matter and denied the motion of the Government therein to vacate the judgment of the court and to enter in its stead a judgment of dismissal. In so holding, however, the court stated:

"This court has held that the action of the collector of customs in failing to reliquidate an entry in conformity with a decision of this court sustaining a protest which had not been filed within the statutory time was proper and the collector's action was approved. See Brown v. United States, T.D. 44461.

"Our appellate court has also passed upon this question in the case of United States v. Robinson & Co., 12 Ct.Cust.App. 145, T.D. 40062. There a reappraisement was filed under the provisions of the Tariff Act of 1913, the statute then providing for the payment of a fee within 2 days after the filing of appeal. The fee was not paid by the importer within the prescribed time. However, the appeal was sent to the Board of General Appraisers and the reappraisement decided in favor of the importer. An appeal was then taken to the appellate division of the reappraising court where the judgment of the lower court was affirmed. The collector refused to liquidate upon the reappraised value on the ground that the reappraisement and re-reappraisement proceedings were void * * *. The importer protested the action of the collector and the board sustained the protest. Upon appeal the decision was reversed and the appellate court there stated that the finding of the Board of General Appraisers in reappraisement was absolutely void for want of jurisdiction; that it was not voidable, but void—'a nullity with no more force and effect than if it had not been entered.' * * *"

The court, in the James C. Gabriel case, supra, thereupon held that, under the principle announced in the cases of Brown v. United States, and United States v. Robinson & Co., supra, the collector correctly ignored the judgment of the Customs Court wherein that court (6 Cust.Ct. 546, Abstract 45414) had granted the petition for remission of additional duties, the court having acquired no jurisdiction over the subject matter.

In the case of James Akeroyd & Son v. United States, 19 C.C.P.A. Customs 249, T.D. 45341, our appellate court reviewed a number of United States Supreme Court decisions, as well as the holdings of some of our other Federal courts, and held that "a protest filed after the time permitted by law is a nullity, and that the lower court could gain no jurisdiction therefrom."

Upon the question of a waiver of jurisdiction the court, at page 258, stated:

" * * * Even had the Assistant Attorney General expressly stipulated that the Government waived the question of jurisdiction, the lower court could not have entertained the proceeding when lack of jurisdiction appeared upon the face of the record because Congress has never conferred upon the lower court jurisdiction of a case where the protest is filed too late, and has not, either expressly or by implication, conferred authority upon any of the officers of the Government to waive the limitation imposed by the statute. * * * "

From the foregoing authorities, it clearly appears that this court had no jurisdiction whatever to enter a decree in the original proceeding herein, Abstract 58323, with respect to the entries here involved; that any action it took was absolutely void; and that jurisdiction cannot be conferred by stipulation or waiver.

Notwithstanding the fact that the court entered a void decree which the collector properly refused to follow, does the plaintiff now have the right to protest the collector's so-called "No Change" in the reliquidation entered in December 1954?

At the outset, it should be observed that, under section 514 of the act, the decision of the collector as to the rate and amount of duties chargeable and his liquidation of any entry shall, upon the

expiration of 60 days after the date of such decision or liquidation, be "final and conclusive upon all persons (including the United States and any officer thereof)," unless a protest is filed within 60 days after such decision or liquidation.

In the case of John S. Phipps v. United States, 22 C.C.P.A., Customs, 595, T. D. 47601, it was held that the collector had no power to set aside a liquidation, dated July 27, 1931, after the expiration of 60 days from such date, where no protest had been filed, there being no question of fraud or clerical error involved, the court expressly stating at page 602:

"* * * the Commissioner of Customs had no power to direct a reliquidation or cancellation of the liquidation of July 27, 1931, after the expiration of said period. Inasmuch as the purported cancellation of said liquidation was void, the notice of appraisement dated May 8, 1933, was likewise void for the reason that the liquidation of July 27, 1931, had become final and was not open to question after the expiration of sixty days from the date thereof. * * *"

The only case cited by the plaintiff is United States v. Parkhurst & Co., 12 Ct. Cust.App. 370, T.D. 40522. In that case, it is true that the court held that, where a reliquidation is made by the collector before a protest is filed, "The reliquidation, not the original liquidation, is the final decision of the collector as to the rate and amount of duty to be paid by the importer, and the time to protest begins to run from the date of the latest liquidation." The holding of the court in the Parkhurst case, supra, however, is not controlling in the determination of the question here involved. In that case, the original liquidations were set aside and vacated. Thereafter, reliquidations were had, and protests against such reliquidations were timely filed. Unlike the situation in the case at bar, the reliquidations there were made by the collector before any action had been taken by the court or any judgment

rendered with respect to the protests covering the original liquidations therein. That case is merely authority for the proposition that the reliquidations therein vacated the original liquidations, and, timely protests having been made against such reliquidations, the issue as to the proper classification of the merchandise there involved was then before the court. That is not the situation here.

We are of opinion and hold that, in the case at bar, there was no valid reliquidation by the collector with respect to the merchandise in question, even though a so-called reliquidation making "No Change" may, under proper circumstances, be deemed a reliquidation. As was stated by our appellate court in the Robinson & Co. case, supra, 12 Ct. Cust.App. at page 147:

"It seems clear to us that there was no appeal to reappraisement or to re-reappraisement, and that the single general appraiser and the board of three sitting in re-reappraisement were without any jurisdiction whatever, and that their acts were void. It follows that the collector was entirely within the law and within his limitations under the law when he refused to liquidate in accordance with the void re-reappraisement. If the reappraising bodies had no jurisdiction, the collector's acts before them were of no effect; his laches, neglect, or silence could not alter the plain mandate of the statute. The statute itself had dismissed the appeal; he could not revive it by any act of his. He could not waive the time limit; the law under which they were attempting to function had already dismissed the appeal."

Inasmuch as any action taken by the collector in December 1954 must be related to the merchandise entered in 1951, wherein the statute requires that timely protests be filed, and not to the void decree of the court, there is nothing here from which plaintiff could appeal with respect to the involved entries.

██ In view of the authorities hereto cited, we are of opinion and hold that the decision and judgment of this court in Slazengers, Inc. v. United States, 33 Cust.Ct. 338, Abstract 58323, with respect to the entries herein involved, was null and void, because of the untimeliness of the protest covering the merchandise here in question. The collector of customs in this case, therefore, acted properly in ignoring the judgment and mandate of the court with respect to the involved entries. Accordingly, the protest, in this case, directed as it is against merchandise which was not properly before the court in Slazengers, Inc. v. United States, 33 Cust.Ct. 338, Abstract 58323, and as to which the decision and judgment of the court therein was a nullity, is overruled. Judgment will be entered accordingly.

MOLLISON, Judge (dissenting).

I regret that I cannot concur in the holding of the majority that the judgment order of this court in a former case, protest No. 210744–K (a two-judge decision by Oliver, C. J., Mollison, J., concurring), reported in 33 Cust.Ct. 338, Abstract 58323, was null and void and a nullity; and that the collector of customs may ignore and disregard the judgment order of this court.

In the case above, the protest and accompanying papers were forwarded to the court on August 14, 1953; thereafter, the case was docketed, appeared on the calendar December 9, 1953, and at subsequent times. The case came on for trial on April 7, 1954; the plaintiff and defendant, pursuant to notice, appeared by their respective attorneys; the cause was heard on the merits; one witness was adduced by plaintiff, which witness was cross-examined by defendant's counsel. The cause was argued and submitted for decision and judgment. Opportunity was given counsel for each of the parties to file a brief in support of their respective positions. Thereafter, on August 12, 1954, a decision and judgment order on the *merits* was rendered by the first division of the court. The judgment order directed the collector of customs to reliquidate the entries in accordance with the judgment order. The collector reliquidated as to protest No. 211373–K but, on December 2, 1954, as to protest No. 210744–K, he declined to follow the court's judgment order, indicating "No Change" and that the protest on which the judgment order was based was untimely. Plaintiff, in the instant case, filed a protest against the refusal of the collector to reliquidate the entries in protest case No. 210744–K in accordance with the judgment order of the Customs Court. Plaintiff's counsel contends "that the said reliquidation was contrary to law and in violation of the judgment and mandate of the United States Customs Court, First Division, dated the 12th day of August, 1954." It is undisputed that the defendant's attorney did not challenge the jurisdiction of the court in the trial of protest No. 210744–K; and that the untimeliness of the protest was not called to the attention of the court either before judgment or by motion to correct or set aside the judgment. Nor is it challenged that, in the trial of the protest, the Customs Court at all times acted in conformity with law and observed the regularity of trial and procedure according to the settled modes and usages of judicial procedure; nor is it denied that both of the parties had a full and ample opportunity to litigate the case upon the merits or upon any legal grounds that might be chosen by the respective parties and to make objections to the jurisdiction of the court. No question has been raised as to the regularity of the court's action and the proceedings. It is now argued by the defendant's attorneys in this case that the court's judgment order in protest case No. 210744–K was void and a nullity, because the Customs Court lacked jurisdiction to entertain the protest and, further, that it may be ignored and disregarded by the collector of customs.

The majority holds that the decision and judgment order of the court in protest No. 210744–K was null and void, because of the untimeliness of the protest covering the merchandise in question.

732

The majority holds that the protest being filed later than the time fixed by statute conferred no jurisdiction on the court to render the decision and judgment order reported in Slazengers, Inc. v. United States, 33 Cust.Ct. 338, Abstract 58323; and that "any action it took was absolutely void." The majority relies upon and follows the decision in United States v. Robinson & Co., 12 Ct.Cust.App. 145, T.D. 40062, and the decisions in James C. Gabriel v. United States, 9 Cust.Ct. 109, C.D. 671, and Wm. A. Brown & Co. v. United States, 58 Treas.Dec. 858, T.D. 44461, both of which cited the Robinson case above which, however, was not followed in the Gabriel decision.

The considerations here involved are: (1) Whether a protest not filed within the time prescribed by the statute deprives the Customs Court of a *total want of jurisdictional power* to hear and determine or adjudicate the protest case or controversy; and (2) the effectiveness, finality, and conclusiveness of the judgment of a Federal court, to wit, the Customs Court, and its binding effect upon all persons and parties thereto, including the United States, its privies, officers, agents, and employees.

Before considering the primary questions above and the many secondary ones involved, it would be well to examine first the opinion and decision of United States v. Robinson & Co., supra, which the United States, defendant, relies upon and which the majority follows.

The facts and holdings in United States v. Robinson & Co., supra, relied upon by defendant, are entirely different from those in the instant case. The Robinson case involved a *direct appeal* in a *reappraisement* case and not a *collateral attack* upon a judgment in a *protest* case. The Robinson decision and opinion rest upon the fact that *the filing fee* required to be paid within the specified time *was to be paid to the collector, and all the challenged proceedings were before the collector and not before the Board of General Appraisers.* The majority opinion, in the 3–2 decision, indicated that the decision would have been different (1) if the matter had been a protest, where the Board of General Appraisers would have been acting judicially and as a judicial tribunal; or (2) if there had been a trial below on the merits, after a weighing of the facts to determine the appraised value; or (3) if a collateral attack upon a judgment of a court had been involved. The Robinson case is not applicable to the facts of this case and is not an authority supporting a collateral attack upon an unappealed judgment in a protest case.

The facts in James Akeroyd & Son v. United States, 19 C.C.P.A., Customs, 249, T.D. 45341, also relied upon, are quite different from those in the instant case in which no application to vacate or correct the judgment was ever made; also, the Akeroyd case involved a *direct appeal,* whereas, in the instant case, a *collateral attack* upon a judgment in protest No. 210744–K is being made where the defendant United States failed to prosecute an appeal within the period provided by section 515 of the Tariff Act of 1930 (19 U.S.C.A. § 1515). The authority of officers of the Government to waive the time limitation prescribed in section 515 is not involved in the instant case. This dissent is not based upon the theory that there has been an express waiver by any officer of the Government.

The opinion and decision in the Akeroyd case does not hold and does not support the contention of the United States, defendant herein, that a judgment based upon an untimely protest is void for want of jurisdiction. No such statement is made in the Akeroyd opinion, as claimed by the Government in its brief; and no statement is made in said opinion that the *judgment* is a nullity. The actual holding was that it was not *error* for the Customs Court to set aside its own judgment when, by timely application, the attention of the court was called to the untimely protest.

There is no language in the Akeroyd decision which may be interpreted as holding *that there was an entire and total want of jurisdictional power to hear and determine a protest within the gener-*

al class of subject matter over which the Customs Court has exclusive jurisdiction under sections 514 and 515 of the Tariff Act of 1930, 19 U.S.C.A. §§ 1514 and 1515, and section 254, title 28 U.S.C.

A review of the three Supreme Court decisions mentioned in the Akeroyd opinion, Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Nichols v. United States, 7 Wall. 122, 19 L.Ed. 125, and United States v. Porche, 12 How. 426, 53 U.S. 426, 13 L.Ed. 1051, shows that *not one* of the foregoing three decisions holds, stands for, or even indicates (1) that a protest, claim, or suit not filed within the prescribed statutory period is a *nullity*; (2) that an untimely protest, claim, or suit confers no jurisdiction upon a Federal court to decide and determine the protest, claim, or suit, and prevents the acquisition or attachment of the court's jurisdiction; (3) that, where a statutory condition precedent to the recovery of a judgment against the United States is not complied with, a judgment rendered upon the untimely protest, claim, or suit *is void for want of jurisdiction and a nullity.*

The three Supreme Court decisions above mentioned merely hold that a judgment rendered against the United States upon the basis of an untimely protest, claim, or suit is *erroneous.*

The Nichols and Porche decisions also hold that officers of the United States have no authority to waive statutory provisions. In the Nichols case, *no protest* was filed with the collector of customs or elsewhere, the only thing filed being a claim with the Court of Claims. The Nichols decision held that the filing of a written protest was a condition precedent to the right to sue for the recovery of illegally exacted customs duties; and that such cases arising under the revenue laws were not within the jurisdiction of the Court of Claims. The Porche decision held that a supposed waiver by the United States district attorney, even if it had been express, would not have given jurisdiction. *But the question of express waiver by Government officers is not here involved.*

In the Finn opinion, Justice Harlan plainly indicated that a claim which he held not properly a basis for a judgment against the United States because untimely, was, nevertheless, "by reason of its character 'cognizable by the court of claims,' " i. e., within the general class of cases subject to the jurisdictional power of that court, even though it could not "properly be made the basis of a judgment." See Finn v. United States, supra, 123 U.S. at pages 231 and 232, 8 S.Ct. at page 85. The Finn opinion and decision indicate that failure to comply with the time limitation prescribed in a statute merely affects the liability of the United States and defeats the claimant's recovery. Judge Harlan referred to "cases thus transmitted for judicial determination" by the head of an executive department to the Court of Claims as being "commenced against the government," and, upon their transfer to the Court of Claims, "they are to be 'proceeded in as other cases pending in said court.' " See Finn opinion at page 231 of 123 U.S., at page 85 of 8 S.Ct. The Supreme Court, in the Finn decision, thus indicates a holding and a principle directly contrary to the holdings and/or dicta contained in the Robinson and Akeroyd decisions. In the Finn decision, the Supreme Court, as well as the Court of Claims, adjudicated an invalid claim, lacking in substance and merit, and yet definitely held that there was jurisdictional power to hear and determine said invalid claim held by both courts to be untimely because not filed within the prescribed statutory period.

The three Supreme Court decisions last mentioned and cited in the Akeroyd case are wholly consistent with the Supreme Court decisions in the Des Moines Navigation & Railroad Co. v. Iowa Homestead Company, 123 U.S. 552, 557–559, 8 S.Ct. 217, 31 L.Ed. 202; Ex parte Harding, 219 U.S. 363, 369, 31 S.Ct. 324, 55 L.Ed. 252; Dowell v. Applegate, 152 U.S. 327, 337–341, 14 S.Ct. 611, 38 L.Ed. 463; Hine v. Morse, 218 U.S. 493, 505–509, 31 S.Ct. 37, 54 L.Ed. 1123; Reynolds v. Stockton, 140 U.S. 254, 268, 11 S.Ct. 773, 35 L.Ed. 464; and many Federal

Circuit Courts of Appeals decisions which hold that jurisdiction exists where the court has the power to hear and determine cases of the general class to which the proceedings in question belong. See also Murrell v. Stock Growers' National Bank of Cheyenne, 10 Cir., 74 F.2d 827, 831; United States v. Ness, 8 Cir., 230 F. 950, 953, 954; Noxon Chemical Products Co. v. Leckie, 3 Cir., 39 F.2d 318, 320; Windholz v. Everett, 4 Cir., 74 F.2d 834, 835; O'Malley v. United States, 8 Cir., 128 F.2d 676, 685, 686; United States v. Ellison, 4 Cir., 74 F.2d 864, 869, certiorari denied 295 U.S. 750, 55 S.Ct. 829, 79 L.Ed. 1695; United States v. Kiles, 8 Cir., 70 F.2d 880, 881; United States v. Edwards, 8 Cir., 23 F.2d 477, 480; Cole v. Blankenship, 4 Cir., 30 F.2d 211, 215; United States v. Brown, Durrell & Co., 1 Cir., 127 F. 793, 797.

*On the matter of noncompliance with conditions precedent insofar as the acquisition of the jurisdiction of the court is concerned,* the Supreme Court of the United States, the United States Circuit Court, various Circuit Courts of Appeals, as well as the Court of Customs Appeals, have rendered decisions contrary in holding and principle to the holdings and dicta expressed in the Robinson and Akeroyd cases. Such decisions have indicated that failure to comply with a condition precedent merely defeats recovery and does not defeat or prevent the acquisition or attachment of the court's jurisdiction. See United States v. Goldenberg, 168 U.S. 95, 102–103, 18 S.Ct. 3, 42 L.Ed. 394; United States v. Tiffany & Co., C.C., 154 F. 740; Retzer v. Wood, 109 U.S. 185, 3 S.Ct. 164, 27 L.Ed. 900; United States v. Emery-Bird-Thayer Dry Goods Co., 8 Ct.Cust.App. 150, T.D. 37273, and two companion cases, United States v. Interocean Forwarding Co., 8 Ct.Cust.App. 155, T.D. 37274, and United States v. Morimura Bros., 8 Ct.Cust.App. 156, T.D. 37275; Windholz v. Everett, 4 Cir., 74 F.2d 834, 835; United States v. Kiles, 8 Cir., 70 F.2d 880, 881; United States v. Edwards, 8 Cir., 23 F.2d 477, 480; O'Malley v. United States, 8 Cir., 128 F.2d 676,

685–686; Partee v. St. Louis & S. F. R. Co., 8 Cir., 204 F. 970, 972–973.

The Finn, Nichols, and Porche opinions do not support the holding in the Robinson case that the judgment of the Board of General Appraisers was void, since all of the foregoing Supreme Court opinions and decisions indicated that a judgment based upon an untimely protest, claim, or suit was or would be merely voidable, i. e., erroneous. The Supreme Court's opinion and decision in the Finn case is directly contrary and opposite to the dictum in the Akeroyd case, to the effect that the Board of General Appraisers did not acquire jurisdiction of the cause because of the untimeliness of the protest. As previously observed, in the Finn case, the Supreme Court said the untimely suit or assertion of claim was not a proper basis for the rendition of a judgment, and a judgment based thereon would be erroneous; nevertheless, the Supreme Court said that the Court of Claims had cognizance and jurisdiction of the subject matter, even though the claim was invalid, defective, or insufficient.

The Finn, Nichols, and Porche decisions and opinions, relied on in the Akeroyd case and by the majority in the instant case, are in direct conflict with the Robinson and Akeroyd decisions, but are in harmony with those in United States v. Goldenberg, supra; Retzer v. Wood, supra; and United States v. Tiffany & Co., supra; United States v. Emery-Bird-Thayer Dry Goods Co., and companion cases. United States v. Tiffany & Co., supra, holds that mere delay in the payment of customs duties on imported merchandise did not deprive the Board of General Appraisers of power to pass upon the question of proper classification of imported merchandise—that is, the court had jurisdiction, even though there was a delay in payment required by the statute.

The Finn, Nichols, and Porche decisions of the Supreme Court are wholly consistent with the Supreme Court decisions and opinions previously cited which hold that jurisdiction exists where

the court has the power to hear and determine cases of the general class to which the proceedings in question belong. See also David L. Moss Co., Inc., v. United States, 103 F.2d 395, 26 C.C.P. A., Customs, 381, 383, C.A.D. 45; Cottman Co. v. Dailey, 4 Cir., 94 F.2d 85, 88; Riccomini v. United States, 9 Cir., 69 F.2d 480, 484; Gulbenkian v. United States, 2 Cir., 186 F. 133, 135; Nichols v. United States, supra.

The rationale of United States v. Goldenberg, supra, together with the actual holdings in United States v. Tiffany & Co., supra, United States v. Emery-Bird-Thayer Dry Goods Co., supra, and two companion cases, and the other Federal appeal court decisions last cited, is that failure to comply with a condition precedent to the recovery of customs duties at the *time of filing the protest* or *transmission of the entry and accompanying papers* does not deprive the Customs Court of jurisdiction to hear and determine the protest case and make a final and conclusive adjudication thereon. Plaintiff would have to show compliance at the trial of the protest or recovery would be defeated. United States v. Goldenberg, supra; United States v. Tiffany & Co., supra; United States v. Emery-Bird-Thayer Dry Goods Co., supra. At the same time, the defendant United States would be under a duty and burden to make timely and specific objection to any supposed lack of jurisdiction because of an insufficient or untimely protest. United States v. Emery-Bird-Thayer Dry Goods Co., supra; Retzer v. Wood, supra. The statements in the Akeroyd case that an untimely protest confers no jurisdiction upon the court was not necessary to the decision of the case, since the question to be determined on the appeal was whether it was error for the Board of General Appraisers to grant a rehearing and set aside its own judgment where timely application had been made to it. Such statement in the Akeroyd opinion is in conflict with a large number of Supreme Court decisions, as previously indicated, with vari-

ous customs appeals decisions and other Federal appellate court decisions, and, as will be shown immediately hereafter, with a long line of decisions of the Court of Customs Appeals and the Court of Customs and Patent Appeals concerning the acquisition of the Customs Court's jurisdiction of protests.

The law is very plain, and the decisions on the subject have been uniform, that, at the expiration of 90 days from the date of filing a protest, if the collector has not acted to modify his decision in whole or in part, jurisdiction over the protest and the subject matter is automatically divested from the collector and vested in the Customs Court. The attachment and vesting of jurisdiction in the court over the protest case is automatic, whether the designated papers have been transmitted to the court or not. Section 515 of the Tariff Act of 1930 (19 U.S.C.A. § 1515); United States v. Straus & Sons, 5 Ct.Cust.App. 147, T.D. 34193; Tower Manufacturing & Novelty Co. v. United States, 6 Ct.Cust.App. 267, T.D. 35478; Raphael Weill & Co. v. United States, 21 C.C.P.A., Customs, 152, T.D. 46479; Geo. S. Bush v. United States, 22 Cust.Ct. 158, C.D. 1175; Calif-Asia Rattan Company v. United States, 35 Cust.Ct. 154, C.D. 1737; Mid State Sales Co. v. United States, 21 Cust.Ct. 209, Abstract 52579; 25 C.J.S. Customs Duties § 171, page 332, note 29.

It is not within the province of the collector to determine whether protests are sufficient to confer jurisdiction upon the Customs Court. Manufacturers & Producers, etc. v. United States, 21 C.C.P.A., Customs, 591, 597, 600, T.D. 46996.

By virtue of section 515 (19 U.S.C.A. § 1515), 28 U.S.C. §§ 254 and 1340, the first division of the Customs Court, being properly assigned to the trial of the protest case, was thereby clothed by law with the authority to determine the classification of the imported merchandise, and, having jurisdiction of the subject matter of the controversy and of the parties to the dispute, necessarily had the power to decide the main issue and every other question of law or fact ma-

terial for the proper determination of the case—including its own jurisdiction. United States v. Kurtz, Stuböeck & Co., 5 Ct.Cust.App. 144, T.D. 34192; United States v. Saunders, 5 Ct.Cust.App. 270, 272, T.D. 34446; United States v. Brown, Durrell & Co., supra; Jackson v. Irving Trust Co., 311 U.S. 494, 499, 503, 61 S. Ct. 326, 85 L.Ed. 297; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376–377, 60 S.Ct. 317, 84 L.Ed. 329; Stoll v. Gottlieb, 305 U.S. 165, 171–172, 59 S.Ct. 134, 83 L.Ed. 104; Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 182, 55 S.Ct. 380, 79 L.Ed. 841; Walling v. Miller, 8 Cir., 138 F.2d 629, 632, certiorari denied 321 U.S. 784, 64 S.Ct. 781, 88 L.Ed. 1076; Hardy v. Bankers Life & Casualty Co., 7 Cir., 232 F.2d 205, 209.

The question of whether the timeliness of a protest presents a jurisdictional question, that is, whether an untimely, insufficient, and invalid protest prevents the acquisition or attachment of the jurisdiction of a court, was first decided by the Circuit Court of Appeals, First Circuit, in United States v. Brown, Durrell & Co., 127 F. 793. The Circuit Court of Appeals reviewed the then sections 14 and 15 of the Act of June 10, 1890 (substantially similar to the present provisions), and the various decisions of the Supreme Court and the various Circuit Courts of Appeals dealing with the sufficiency or validity of protests, and then held that the untimeliness of a protest did not deprive the Board of General Appraisers of judicial power to determine the validity or invalidity and legal sufficiency or insufficiency of protests. The Circuit Court of Appeals ruled that the Board of General Appraisers, under the authority given in the then statute, was required first of all to determine its own jurisdiction, including the validity of the protest; and it further held that an apparent or possible invalidity or insufficiency of the protest for failure to comply with the limitation of time for filing was not a jurisdictional defect of a kind which would deprive the Board of General Appraisers of a total want of juris-

dictional power to hear and decide the case, including the validity of the protest. The Circuit Court of Appeals thought that the various Supreme Court and the Circuit Courts of Appeals decisions had recognized the jurisdiction of the Board of General Appraisers to determine the sufficiency of protests; and that, of necessity, questions involving the validity of a protest would have to be decided by the Board of General Appraisers, or there would be no place to litigate it, since the collector of customs has no authority to determine whether protests are sufficient to confer jurisdiction upon the court.

Sections 514 and 515 of the Tariff Act of 1930 (19 U.S.C.A. §§ 1514 and 1515) are unconditional and contain no words or implications which warrant the notion that the failure to file a protest within the time limitation is a jurisdictional defect of a kind which would divest Customs Court of its jurisdictional power over the protest and its subject matter, since jurisdiction by automatic attachment is provided for in said section 515 by express statutory direction.

Since it is not within the province of the collector to determine whether protests are sufficient to confer jurisdiction upon the Customs Court, and since section 515 directs that the protest be sent to the Customs Court for due assignment and determination, *it necessarily follows that the Customs Court acquires jurisdiction over every protest* (where the 90-day period of review has expired and the collector has not acted to modify his decision in whole or in part), *invalid as well as valid,* and *insufficient as well as sufficient ones.* As a consequence, an invalid and insufficient protest is not a "nullity" causing total want of jurisdiction of the Customs Court to hear and determine the protest case.

If the protest filed is an *apparent* protest and is in a form prescribed by the statute, it presents a real and substantial claim and a substantial Federal question arising under a Federal law, and, therefore, within the jurisdiction of the Customs Court to which it has been confided

for due assignment and determination by the express direction of the statute. Section 515, supra; United States v. Brown, Durrell & Co., 127 F. at page 797.

In view of the statutory scheme and plan contained in 19 U.S.C.A. §§ 1514 and 1515, and 28 U.S.C. § 254, the jurisdictional arrangements and express directions to transmit the entry and accompanying papers to the United States Customs Court for due assignment and determination, a *defective, invalid, or insufficient protest being of the same general class of subject matter as valid protests* against illegally exacted customs duties, presents to the Customs Court a case and controversy within the court's jurisdictional power to decide and adjudicate; and does not deprive or divest the Customs Court of jurisdiction to decide the case. Section 515, supra; United States v. Brown, Durrell & Co., supra; Finn v. United States, supra, 123 U.S. at pages 231, 232, 8 S.Ct. at pages 84, 85. *All* protests—insufficient, invalid, and defective protests as well as valid ones—are included within the ambit of the court's jurisdictional powers; the statute contemplates unsuccessful as well as successful protests. Murrell v. Stock Growers' National Bank of Cheyenne, 10 Cir., 74 F.2d 827, 831; United States v. Ness, 8 Cir., 230 F. 950, 953, 954; Noxon Chemical Products Co. v. Leckie, 3 Cir., 39 F.2d 318, 320; Windholz v. Everett, 4 Cir., 74 F.2d 834, 835; O'Malley v. United States, 8 Cir., 128 F. 2d 676, 685, 686; United States v. Ellison, 4 Cir., 74 F.2d 864, 869, certiorari denied 295 U.S. 750, 55 S.Ct. 829, 79 L. Ed. 1695; United States v. Kiles, 8 Cir., 70 F.2d 880, 881; United States v. Edwards, 8 Cir., 23 F.2d 477, 480; Cole v. Blankenship, 4 Cir., 30 F.2d 211, 215; United States v. Brown, Durrell & Co., 1 Cir., 127 F. 793, 797. A timely protest is a condition precedent to the recovery of illegally exacted customs duties, *but timeliness of the protest is not a condition precedent to the exercise of the court's jurisdiction,* since the statute directs that all protests (unmodified after expiration of the 90-day period) be transmitted to the Customs Court for due assignment and determination.

Ordinarily, in the Federal courts, jurisdiction does not depend upon the sufficiency of a complaint or petition, the ultimate establishing of the right to the relief sought, the regularity of the proceedings, or the correctness of the decision rendered. Pleading defects are not considered jurisdictional defects which will divest the court of jurisdiction over the subject matter. *Jurisdiction exists where parties are before the court and the court has power to hear and determine cases of the general class to which the proceedings in question belong.* Murrell v. Stock Growers' National Bank of Cheyenne, 10 Cir., 1934, 74 F.2d 827, 831; United States v. Ness, 8 Cir., 230 F. 950, 953, 954; Noxon Chemical Products Co. v. Leckie, 3 Cir., 39 F.2d 318, 320; Reynolds v. Stockton, 140 U.S. 254, 268, 11 S.Ct. 773, 35 L.Ed. 464; Binderup v. Pathé Exchange, Inc., 263 U.S. 291, at pages 305–307, 44 S.Ct. 96, at pages 98–99, 68 L.Ed. 308; Des Moines Navigation & Railroad Co. v. Iowa Homestead Company, 123 U.S. 552, 557–559, 8 S.Ct. 217, 31 L.Ed. 202; Ex parte Harding, 219 U.S. 363, 369, 31 S.Ct. 324, 55 L.Ed. 252; Dowell v. Applegate, 152 U.S. 327, 337–341, 14 S.Ct. 611, 38 L.Ed. 463; Hine v. Morse, 218 U.S. 493, 505–509, 31 S.Ct. 37, 54 L.Ed. 1123; United States v. Tiffany & Co., C.C., 154 F. 740, 741. And here, protest 210744–K was forwarded to the Customs Court for due assignment and determination; it was one of the general class of protests which section 515 directed the collector of customs for determination and adjudication.

An untimely protest, if seasonably objected to or called to the court's attention, defeats the recovery of customs duties but not the attachment of the court's jurisdictional power to hear and determine the case and controversy presented to it, even though the particular protest is defective, insufficient, or invalid. United States v. Brown, Durrell & Co., supra; United States v. Tiffany & Co., supra; Finn v. United States, supra, 123 U.S. at pages 231, 232, 8 S.Ct. at

pages 84, 85; United States v. Goldenberg, supra.

The allegations of protest No. 210744-K were sufficient to establish the jurisdiction of the Customs Court, that is to say, the protest exhibited a claim against the United States for the recovery of illegally exacted customs duties—a claim which arose under the laws of the United States. The protest presented a substantial Federal question of which the Customs Court had jurisdiction; and said protest properly invoked the power and authority, conferred upon the Customs Court by law, to entertain the suit and controversy. David L. Moss Co., Inc., v. United States, 103 F.2d 395, 26 C.C.P.A., Customs, 381, 383, C.A.D. 45; Cottman Co. v. Dailey, 4 Cir., 94 F.2d 85, 88; Riccomini v. United States, 9 Cir., 69 F.2d 480, 484; Gulbenkian v. United States, 2 Cir., 186 F. 133, 135; Nichols v. United States, 7 Wall. 122, 130, 19 L. Ed. 125. The protest was within the area of the court's jurisdictional subject matter and in a form prescribed by the statute. It presented a real and substantial claim, and proof of the latter fact is that the protest was sustained on the merits and judgment rendered in favor of plaintiff. The claim was made in good faith so that there was a real controversy over which the Customs Court acquired jurisdiction. In re Summers, 325 U.S. 561, 566, 567, 65 S.Ct. 1307, 89 L.Ed. 1795; St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 8 Cir., 68 F. 2, 14; Erickson v. United States, 264 U.S. 246, 249, 44 S.Ct. 310, 68 L.Ed. 661; Mosher v. City of Phoenix, 287 U. S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148; Binderup v. Pathé Exchange, Inc., 263 U.S. 291, at pages 305–307, 44 S.Ct. 96, at pages 98–99, 68 L.Ed. 308; Iselin v. La Coste, 5 Cir., 147 F.2d 791, 793.

Attorneys for the United States have confused the total want of jurisdictional power with mere error in the exercise of the jurisdictional power which the Customs Court undoubtedly possesses over the subject matter of protests against the illegal exaction of customs duties. Section 515, supra. The objection that the protest was untimely does not go to the jurisdiction of the Customs Court but only to the propriety of its action in rendering judgment where all of the basic elements for recovery were not present—a mere error in the exercise of the power possessed. Johnson v. Manhattan Railway Co., 289 U.S. 479, 53 S. Ct. 721, 77 L.Ed. 1331; Cornett v. Williams, 20 Wall. 226, 250 (reported in 22 L.Ed. 254, as Nash v. Williams); Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 182, 55 S.Ct. 380, 79 L.Ed. 841.

It has been suggested that the case of United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894, is applicable here. The U. S. Fidelity & Guaranty Co. case is one involving the waiver of immunity of the United States or the Indian nations from suit without specific congressional authorization. However, the instant case is one where the sovereign United States *has already consented to suit by the protest of importers,* has designated the Customs Court as the proper court to hear and determine said suits and protests, and has conferred exclusive jurisdiction upon the court. 19 U.S.C.A. §§ 1514 and 1515; 28 U.S.C. §§ 254 and 1340.

The U. S. Fidelity & Guaranty Co. decision is a narrow one in which the court held that a cross-claim or counter-claim, or cross-suit against the United States (like an original or direct suit or action), may only be brought if a specific congressional act has affirmatively authorized it. The gist or very essence of the decision is that, even where Congress has authorized a suit or cross-claim, cross-suit, or counter-claim to be filed against the United States, such actions can be brought *only in the court designated in the act* granting consent to sue. The U. S. Fidelity & Guaranty Co. decision turned on the latter principle. The Supreme Court held that there was no statute which granted the *Missouri District Court* jurisdictional authority to adjudicate a *cross-claim* against the United States or the Indian nations (held to be

a sovereign and to have sovereign immunity from suit without congressional authorization). The Court held that, on the contrary, the Congress had made provision [309 U.S. 506, 60 S.Ct. 656.] "for cross-suits against the Indian Nations by defendants." The Act of April 26, 1906, section 18, 34 Stat. 137, 144, 148, *provided that any cross-demands or counter-claims against the Indian nations must be filed in a United States court in Indian territory*. So that the decision rested upon the ground that there was no specific congressional act authorizing a cross-claim or cross-suit in the Missouri District Court, whereas there was a specific act of 1906 which *required all such cross-claims or cross-suits to be filed in a United States court in Indian territory* —the designated court where such cross-claims or cross-suits can be entertained.

There is no question of sovereign immunity from suit in the instant case. In the case at bar, the United States, by statute, has waived its sovereign immunity from suit, granted to the importer the right to file a protest, and, where the action of the collector is unmodified in 90 days, has directed that the protest and accompanying papers be forwarded to the United States Customs Court for due assignment and determination. Sections 514 and 515 of the Tariff Act of 1930 (secs. 1514 and 1515, 19 U.S.C.A.); section 254, 28 U.S.C. Having waived its sovereign immunity from suit, the United States, defendant, stands in exactly the same position as a private suitor, i. e., with rights no greater and no less than the importer. United States v. O'Grady, 22 Wall. 641, 648, 22 L.Ed. 772; Brent v. Bank of Washington, 10 Pet. 596, 614, 9 L.Ed. 547; Mitchel v. United States, 9 Pet. 711, 742, 9 L.Ed. 283; United States v. Arredondo, 6 Pet. 691, 712, 8 L.Ed. 547; Curtner v. United States, 149 U.S. 662, 671, 673, 13 S.Ct. 985, 37 L.Ed. 890; United States v. The Thekla, 266 U.S. 328, 339, 340, 341, 45 S.Ct. 112, 69 L.Ed. 313; United States v. Moscow-Idaho Seed Co., 9 Cir., 92 F.2d 170, 173, 174; United States v. Elliot, Greene & Co., 28 C.C.P.A., Customs, 177,

181, C.A.D. 141; United States v. Seigel, 83 U.S.App.D.C. 88, 168 F.2d 143, 146; Reconstruction Finance Corporation v. Childress, 8 Cir., 186 F.2d 698, 703; Insurance Co. of North America v. United States, D.C., 76 F.Supp. 951, 952, 953; Smale & Robinson v. United States, D.C., 123 F.Supp. 457, 465–466; In re Costs in United States Cases, D.C., 4 F.Supp. 743; Porter v. Central Chevrolet, D.C., 7 F.R.D. 86, 88. See also, Keifer & Keifer v. R. F. C., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; F. H. A. v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724; and R. F. C. v. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595.

Where, as here, the United States has waived its right to exemption from suit, and the statute has directed the Customs Court to complete the adjudication of the protest cause which was rightfully begun in the Customs Court by the express direction of the statute, *it is bound by the submission*, and it is the duty of the court to proceed to the final determination of all the questions legitimately involved. The Nuestra Señora de Regla, 108 U.S. 92, 103, 2 S.Ct. 287, 27 L.Ed. 662; The Paquete Habana, 189 U.S. 453, 465–466, 23 S.Ct. 593, 47 L.Ed. 900; United States v. The Thekla, supra; Clark v. Barnard, 108 U.S. 436, 447–448, 2 S.Ct. 878, 27 L.Ed. 780; Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 284, 26 S.Ct. 252, 50 L.Ed. 477; United States v. Nourse, 6 Pet. 470, 494, 31 U.S. 470, 494, 8 L.Ed. 467; United States v. Moscow-Idaho Seed Co., supra, 92 F.2d at pages 170, 173, 174; Anderson, Clayton & Co. v. State ex rel. Allred, 122 Tex. 530, 62 S.W.2d 107; Wynn v. United States, 29 Ct.Cl. 15.

In Clark v. Barnard, supra, 108 U.S. at page 447, 2 S.Ct. at page 883, the Supreme Court held that the immunity from suit belonging to a state is a personal privilege which it may waive at pleasure; it continued—

" * * * so that in a suit, otherwise well brought, in which a state had sufficient interest to entitle it to become a party defendant, *its appearance in a court of the United-*

*States would be a voluntary submission to its jurisdiction;* * * *.
In the present case the state of Rhode Island appeared in the cause and presented and prosecuted a claim to the fund in controversy, *and thereby made itself a party to the litigation to the full extent required for its complete determination."* [Emphasis supplied.]

Principles of law and holdings which are plainly applicable to the instant case were stated by the Supreme Court in Beyer v. LeFevre, 186 U.S. 114 at page 118, 22 S.Ct. 765, at page 767, 46 L.Ed. 1080:

"We pass the first question with the observation that, whatever might have been the conclusion if the defendants had stood upon their challenge of the jurisdiction, *the agreement of the parties to submit certain questions to a jury, the trial before the jury* and the stipulation for returning the testimony there taken to the equity court for consideration by the judge thereof, *must be held a waiver of the objection* to the jurisdiction. * * * yet in many cases a party who appears in one branch of the court *and consents to a hearing and adjudication,* according to the practice there prevailing, of an issue presented by the pleadings and in respect to a subject-matter, which is within the general scope of its jurisdiction, may be estopped from thereafter and in an appellate court challenging such jurisdiction. Reynes v. Dumont, 130 U.S. 354, 395, 9 S.Ct. 486, 32 L.Ed. 934, 945. This is such a case." [Emphasis supplied.]

In the instant case, the United States consented to the hearing and determination of the protest case by the Customs Court and agreed to submit the case for adjudication. These acts must be held to be a voluntary submission to the jurisdiction of the court and a waiver of objection to the jurisdiction of the court now being made, since the protest subject matter was within the scope of the general jurisdiction and power of the court. Section 515, supra; Clark v. Barnard. supra; Beyer v. LeFevre, supra; Reynes v. Dumont, supra; Anderson, Clayton & Co. v. State, supra; Gunter v. Atlantic Coast Line R. Co., supra; The Nuestra Señora de Regla, supra; The Paquete Habana, supra; United States v. The Thekla, supra; United States v. Nourse, supra.

The Attorney General, acting through the Assistant Attorney General and special assistants or attorneys, appeared in protest proceeding 210744–K to suggest and protect the interests of the United States, defendant in the case. This was pursuant to sections 309, 310, 315, and 316 of title 5 U.S.C.A. The appearance of the United States by its attorneys was a general one; and no special appearance was made to challenge the jurisdiction of the Customs Court to hear and determine protest case 210744–K.

Having by statutes, sections 514 and 515 of the Tariff Act of 1930 (secs. 1514 and 1515, title 19 U.S.C.A.) and section 254, title 28 U.S.C., waived its sovereign immunity from suit, the United States, defendant, proceeded to contest and litigate the case on the merits. Having thereby exercised its right to invoke the jurisdiction of a court of justice, it is bound by its general appearance as well as by its submission of the case after the trial of the case upon the merits to the same effect as was the importer, a private litigant. United States v. O'Grady, 22 Wall. 641, 647, 648, 22 L. Ed. 772; Brent v. Bank of Washington, 10 Pet. 596, 9 L.Ed. 547; Curtner v. United States, 149 U.S. 662, 671, 673, 13 S.Ct. 985, 37 L.Ed. 890; Clark v. Barnard, 108 U.S. 436, 447–448, 2 S.Ct. 878, 27 L.Ed. 780; United States v. Nourse, 6 Pet. 470, 494, 8 L.Ed. 467. See also, Wynn v. United States, 29 Ct.Cl. 15.

The general appearance and joining in the suit or protest proceedings and litigation of the issues on the merits was a voluntary submission to the jurisdiction of the Customs Court; and these acts and conduct on the part of the United States carried with them the acceptance

of whatever liability the Customs Court might decide to be reasonably incident to those acts. United States v. The Thekla, supra, 266 U.S. at page 341, 45 S.Ct. at page 113; Clark v. Barnard, supra; Beyer v. LeFevre, supra; Gunter v. Atlantic Coast Line R. Co., supra; United States v. Nourse, supra; United States v. Moscow-Idaho Seed Co., supra; Anderson, Clayton & Co. v. State ex rel. Allred, supra.

The facts of the instant case present even more cogent reasons for application of the rules of law stated by the Supreme Court in Beyer v. LeFevre and in The Nuestra Señora de Regla, The Paquete Habana, Clark v. Barnard, Gunter v. Atlantic Coast Line R. Co., and United States v. The Thekla, because, in the foregoing cases, there was no affirmative statute by which the Government accepted liability. The Nuestra Señora de Regla and United States v. The Thekla decisions were based upon the *fact* that the United States, as here, made a general appearance, joined in the suit on the merits of the cause, and submitted it to the judicial determination of the court. In Clark v. Barnard, supra, the Supreme Court held that Rhode Island had made a general appearance and had submitted to the jurisdiction of the United States court.

In the instant case, the United States has made an express and affirmative statutory waiver of sovereign immunity from suit and, *in said statute, has directed the Customs Court* to exercise jurisdiction and hear and determine and adjudicate the protest. The questions settled in protest case 210744–K—the merits of the disputed classification of the merchandise and, tacitly, the court's own jurisdiction—were judicial in character and were incidents to the suit in respect to which the United States had consented to be sued. United States v. The Thekla, supra, 266 U.S. at page 341, 45 S.Ct. at page 113; The Nuestra Señora de Regla, supra; The Paquete Habana, supra; Clark v. Barnard, supra; Gunter v. Atlantic Coast Line R. Co., supra; United

States v. Moscow-Idaho Seed Co., supra; Wynn v. United States, supra.

The modern rule is that statutes waiving sovereign exemption from suit are liberally construed. United States v. Yellow Cab Co., 340 U.S. 543, 554, 555, 71 S.Ct. 399, 95 L.Ed. 523; United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 383, 70 S.Ct. 207, 94 L.Ed. 171; United States v. Shaw, 309 U.S. 495, 501, 60 S.Ct. 659, 84 L.Ed. 888; Anderson v. John L. Hayes Construction Co., 243 N.Y. 140, 147, 153 N.E. 28, 29–30. The court should not add to the rigor of exemption of the sovereign from suit by refinement of construction where consent to suit has been given. United States v. Aetna Casualty & Surety Co., supra, 338 U.S. at page 383, 70 S.Ct. at page 216; United States v. Yellow Cab Co., supra; Niagara Fire Ins. Co. v. United States, D.C., 76 F.Supp. 850.

Where a statute granting consent to litigants to sue the United States has been enacted (secs. 1514 and 1515, supra), such statute will be enforced according to its terms, and the United States as a litigant is bound by the same rules governing the trial and decision of the cases as are other litigants including, but not limited to, such rules of law as waiver, estoppel, *res judicata,* rule against impeaching a judgment by collateral attack, except for fraud, conclusiveness of judgment against parties and their privies, and the like. United States v. Elliot, Greene & Co., 28 C.C.P.A., Customs, 177, 181, C.A.D. 141; United States v. Seigel, supra; Reconstruction Finance Corporation v. Childress, supra; Insurance Co. of North America v. United States, supra.

Although a total want of jurisdiction of the subject matter cannot be waived, *where a court, as here, has general jurisdiction of the subject matter,* i. e., protests against illegal exaction of customs duties, in such case, the jurisdiction may be waived by a failure to make timely and specific objections to the supposed lack thereof. Garbey v. United States, 25 C.C.P.A., Customs, 88 T.D. 49067;

742

United States v. Tiffany & Co., 10 Ct. Cust.App. 247, 253, T.D. 38576; United States v. Tappenbeck, 7 Ct.Cust.App. 17, T.D. 36258; United States v. Brown, Durrell & Co., supra; Retzer v. Wood, supra; Beyer v. LeFevre, 186 U.S. 114, 118, 22 S.Ct. 765, 46 L.Ed. 1080; Reynes v. Dumont, supra, 130 U.S. at page 395, **9** S.Ct. at page 497; United States v. Ellison, supra; United States v. Kiles, supra; United States v. Edwards, supra; Des Moines Navigation & Railroad Co. v. Iowa Homestead Company, supra; Cole v. Blankenship, supra; Bretsky v. Lehigh Valley R. Co., 2 Cir., 156 F.2d 594, 596; Mattocks v. Baker, D.C., 2 F. 455; 21 C.J.S. Courts § 109, page 166, note 74.

The judgment, in protest case 210744–K, being unmodified and unreversed, is a valid and subsisting judgment and not a nullity. Dowell v. Applegate, 152 U.S. 327, 337–341, 14 S.Ct. 611, 38 L.Ed. 463; Chicot County Drainage District v. Baxter State Bank, supra, 308 U.S. at pages 376–377, 60 S.Ct. at pages 319–320; McCormick v. Sullivant, 10 Wheat. 192, 6 L.Ed. 300; Cutler v. Huston, 158 U.S. 423, 430, 431, 15 S.Ct. 868, 39 L.Ed. 1040; Evers v. Watson, 156 U.S. 527, 532, 533, 15 S.Ct. 430, 39 L.Ed. 520; Des Moines Navigation & Railroad Co. v. Iowa Homestead Company, supra; Garbey v. United States, supra; Mitchell v. Cunningham, 9 Cir., 8 F.2d 813.

Such a judgment cannot be disregarded by anyone, including the parties and their privies, and especially not by the collector of customs or any other officer, agent, or employee of the United States. Section 515, supra. See cases cited in above paragraph. United States v. O'Grady, supra, 22 Wall. at page 648; Meigs v. United States, 20 Ct.Cl. 181, 185. See also, United States v. Semon Bache & Co., 27 C.C.P.A., Customs, 89, C.A.D. 67.

Even void judgments of Federal courts being unmodified and unreversed are not nullities which may be disregarded. See McCormick v. Sullivant, 10 Wheat. 192, 6 L.Ed. 300, cited and reaffirmed in Chicot County Drainage District v. Bax-

ter State Bank, 308 U.S. 371, 376–377, 60 S.Ct. 317, 84 L.Ed. 329.

The judgment in protest No. 210744–K, being unappealed from, unmodified, and unreversed, is not now subject to a collateral attack by the United States, a party to the action in the former proceeding. Determination by a court of its own jurisdiction, while open to direct review, may not be assailed collaterally. Chicot County Drainage District v. Baxter State Bank, supra, 308 U.S. at page 376, 60 S.Ct. at page 319; Commonwealth of Pennsylvania v. Williams, supra, 294 U.S. at page 182, 55 S.Ct. at page 383; Bryan v. Kennett, 113 U.S. 179, 198, 5 S.Ct. 407, 28 L.Ed. 908.

The judgment in protest case No. 210744–K could be impeached only for fraud in the procurement of the judgment. Cornett v. Williams, 20 Wall. 226, 250, 87 U.S. 226, 250, 22 L.Ed. 254; McNitt v. Turner, 16 Wall. 352, 83 U.S. 352, 21 L.Ed. 341; Garbey v. United States, supra. There was no fraud in the procurement of said judgment.

The authority of the Federal courts, including the Customs Court, to hear and make disposition of a cause within its jurisdiction, as in protest case No. 210744–K, is not subject to collateral attack. Bryan v. Kennett, 113 U.S. 179, 198, 5 S.Ct. 407, 28 L.Ed. 908; Johnson v. Manhattan Railway Co., 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331; Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 182, 55 S.Ct. 380, 79 L.Ed. 841; Chicot County Drainage District v. Baxter State Bank, supra; United States v. Kurtz, Stuböeck & Co., 5 Ct. Cust.App. 144, 146, T.D. 34192.

Any error in the exercise of that jurisdiction, in respect to a protest against the illegal exaction of customs duties, can be remedied only by appeal. Commonwealth of Pennsylvania v. Williams, supra; Smith v. McKay, 161 U.S. 355, 358, 359, 16 S.Ct. 490, 40 L.Ed. 731; Jackson v. Irving Trust Co., supra, 311 U.S. at page 503, 61 S.Ct. at page 330; Stoll v. Gottlieb, supra, 305 U.S. at pages 171, 172, 59 S.Ct. at page 137.

Considered from the least favorable viewpoint, protest 210744–K, being one of the general class of protests over which the Customs Court was given jurisdiction by sections 1514 and 1515 of title 19, U.S.C.A., and section 254 of title 28 U.S.C., the decision and judgment order based thereon could only be voidable or erroneous and not void. Harvey v. Tyler, 2 Wall. 328, 345–347, 69 U.S. 328, 345–347, 17 L.Ed. 871; Marchand v. Frellsen, 105 U.S. 423, 428, 26 L.Ed. 1057; McGoon v. Scales, 9 Wall. 23, 76 U.S. 23, 30, 19 L.Ed. 545; Comstock v. Crawford, 3 Wall. 396, 403, 406, 70 U.S. 396, 403, 406, 18 L.Ed. 34; United States v. Kurtz, Stuböeck & Co., supra.

The parties in the instant case and in protest 210744–K are the same; the subject matter is the same; and the issues— the validity of the protest, the jurisdiction of the court, and the right to recover illegally exacted customs duties—are the same in each case; and, as a consequence, all such questions, including the question of jurisdiction, are now *res judicata,* and the United States, defendant in the earlier proceeding, is estopped by judgment from raising such questions or denying the validity of the judgment. Chicot County Drainage District v. Baxter State Bank, supra; Jackson v. Irving Trust Co., supra; Stoll v. Gottlieb, supra; Fischer v. United States, 38 C.C.P.A., Customs, 143, 149, C.A.D. 452; United States v. Edward M. Poons Co., 18 C.C. P.A., Customs, 283, 286, T.D. 44451; Smith v. United States, 1 Ct.Cust.App. 489, T.D. 31527; United States v. J. G. Johnson & Co., C.C.N.Y., 145 F. 1018. See also Meigs v. United States, supra; United States ex rel. MacManus v. Moore, 3 MacArthur 226, 232, 233, 10 D.C. 226, 232, 233.

The bar of *res judicata* may be pleaded, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier pleading, but also as to any other available material which might have been presented to that end. Chicot County Drainage District v. Baxter State Bank, supra, 308 U.S. at page 378, 60 S.Ct. at page 320; Fischer v.

United States, 38 C.C.P.A., Customs, 143, 148, 149, C.A.D. 452; United States ex rel. MacManus v. Moore, supra.

Erroneous judgments and judgments based on mistaken law as well as correct judgments are *res judicata.* Case v. Beauregard, 101 U.S. 688, 692, 25 L.Ed. 1004; Equitable Life Assurance Society v. Gillan, D.C., 70 F.Supp. 640, 650.

Under the express terms of the statute, it was the collector's duty to reliquidate the entries in conformity with the judgment order in protest case No. 210744–K. Section 515, supra; United States v. Kurtz, Stuböeck & Co., supra, 5 Ct.Cust. App. at page 146; Roessler & Hasslacher Chemical Co. v. United States, 13 Ct. Cust.App. 451, 455, 456, T.D. 41347; Fulghum & Co. v. United States, 1 Cust. Ct. 284, C.D. 66; Aris Gloves, Inc. v. United States, 20 Cust.Ct. 102–112, C.D. 1091; United States v. Dickson, 2 Cir., 139 F. 251; Bullocks, Inc., v. United States, 68 Treas. Dec. 99, T.D. 47809; Frank P. Dow Co., Inc., v. United States, 69 Treas. Dec. 336, T.D. 48163; R. W. Cramer & Co., Inc. v. United States, 2 Cust.Ct. 142, 146, C.D. 110; 25 C.J.S. Customs Duties § 157, page 316; Meigs v. United States, supra.

The collector's action in reliquidating at an entirely different rate not found in the judgment order and contrary thereto was illegal, and the reliquidation was void to that extent. Aris Gloves, Inc. v. United States, supra, 20 Cust.Ct. at page 112; 25 C.J.S. Customs Duties § 157, page 316.

In the matter of the reliquidation after judgment under section 515, supra, the collector of customs has no authority to challenge the integrity of a judgment of the Customs Court. Schenley Distilleries, Inc., v. United States, 40 C.C.P.A., Customs, 202, 207, 208, C.A.D. 519; United States v. Elliot, Greene & Co., 28 C.C.P.A., Customs, 177, 181, 182, C.A.D. 141; O'Connor-Harrison & Co. v. United States, 15 Ct.Cust.App. 214, 218, T.D. 42339; United States v. Kurtz, Stuböeck & Co., supra, 5 Ct.Cust.App. at page 146; United States v. O'Grady, 22 Wall. 641,

647, 648, 22 L.Ed. 772; Meigs v. United States, supra.

Ignoring or disregarding the judgment order of the court and refusing to reliquidate in conformity therewith is not a direct attack upon a judgment but a mere disobedience and refusal to comply with the court's judgment order made expressly final and conclusive upon *all persons* by section 515, supra. United States v. Kurtz, Stuböeck & Co., supra; Fulghum & Co. v. United States, supra; Aris Gloves, Inc. v. United States, supra; Bullocks, Inc., v. United States, supra; Frank P. Dow Co., Inc., v. United States, supra; United States v. O'Grady, 22 Wall. 641, 647, 648, 22 L.Ed. 772; Meigs v. United States, supra.

Collateral and direct attacks upon judgments refer to legal action in court or judicial proceedings. 31 Am.Jur. Judgments, section 613; Black's Law Dictionary, 3d edition, page 348, Collateral Impeachment. These terms do not refer to mere disobedience or failure or neglect of a party or a privy to obey the judgment of a court.

The decisions and judgment orders of the Customs Court are final and conclusive, and binding, upon all persons, including all parties thereto and those in privity with them (sec. 515, sec. 1515, 19 U.S.C.A.). United States v. Kurtz, Stuböeck & Co., supra; O'Connor-Harrison & Co. v. United States, supra; Veolay, Inc., v. United States, 21 C.C.P.A., Customs, 268, 273, T.D. 46804; United States v. Elliot, Greene & Co., supra; Schenley Distilleries, Inc., v. United States, supra; Aris Gloves, Inc. v. United States, supra; Carey & Skinner v. United States, 16 Cust.Ct. 361, Reap. Dec. 6279; United States v. O'Grady, 22 Wall. 641, 647, 648, 22 L.Ed. 772; Meigs v. United States, supra.

Such judgments, unmodified and unappealed from, even though erroneous and mistaken, must stand, be obeyed, executed, and performed by all persons, in-cluding the United States, its officers, and employees. United States v. Kurtz, Stuböeck & Co., supra; Roessler & Hasslacher Chemical Co. v. United States, 13 Ct.Cust.App. 451, 456, T.D. 41347; O'Connor-Harrison & Co. v. United States, supra; United States v. Elliot, Greene & Co., supra; American Express Company v. Mullins, 212 U.S. 311, 314, 29 S.Ct. 381, 53 L.Ed. 525; Gray v. Brignardello, 1 Wall. 627, 68 U.S. 627, 634, 17 L.Ed. 693; Maxwell v. Stewart, 22 Wall. 77, 89 U.S. 77, 79–81, 22 L.Ed. 564; United States v. O'Grady, supra; Appleton Toy & Furniture Co. v. Lehman Co., 7 Cir., 165 F.2d 801; Adriaanse v. United States, 2 Cir., 184 F.2d 968, 970, certiorari denied 340 U.S. 932, 71 S.Ct. 495, 95 L.Ed. 673; Aris Gloves, Inc. v. United States, supra; Meigs v. United States, supra; United States ex rel. Mac-Manus v. Moore, supra.

The jurisdiction of the Customs Court in protest case No. 210744–K *not having been directly attacked,* the existence of such jurisdiction must be presumed. It must be conclusively presumed that all things necessary to support the judgment are present; and all intendments are presumed in favor of the judgment. United States v. Saunders, supra, 5 Ct. Cust.App. at page 272; Coffman v. Cobra Mfg. Co., 9 Cir., 214 F.2d 489, 491, 492; Miller v. United States, 11 Wall. 268, 78 U.S. 268, 20 L.Ed. 135; McKinney v. United States, 93 U.S.App.D.C. 222, 208 F.2d 844; Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, 879, 883, certiorari denied 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483; O'Connor-Harrison & Co. v. United States, supra; Cornett v. Williams, 20 Wall. 226, 230, 87 U.S. 226, 230, 22 L.Ed. 254.

I believe that the protest in the instant case should be sustained and that there should be a judgment order directing the collector of customs to reliquidate in conformity with the judgment previously rendered in protest case No. 210744–K.